# SUPREME COURT.

## CHARLES THWING agt. FRANKLIN THWING and others.

Where, pending the *advertisement of sale* of premises in *partition*, the plaintiff died, and his share passed to his three children, two of whom were defendants in the original action, and the third was made *plaintiff*, by order of the court, as successor in interest to the original plaintiff,

*Held*, that there was no irregularity in continuing the *advertisement* in the same form as originally commenced, and selling the premises in pursuance thereof.

Thwing agt. Thwing.

*New-York Special Term, October,* 1859.

MOTION to compel a purchaser to complete his purchase in partition.

INGRAHAM, Justice. Pending the advertisement of sale, the plaintiff in this action died, and his share of the premises sought to be partitioned passed to his three children. Two of them were defendants in the action originally. The third was made plaintiff, by order of the court, as his successor in interest. The advertisement was continued in the same form as originally commenced, and the premises were sold in pursuance thereof. The purchaser now objects to the title, because there was not a new advertisement after the plaintiff was introduced into the cause.

I do not see that such a course was in any way necessary. The Code, section 121, provides for such a case, and authorizes the court to order the action to be continued by his successor in interest. The action is to be continued—to proceed—not to go back and repeat what had been done; but to be continued. If the successor had been made defendant, he might have claimed the right to put in an answer and defend, but the plaintiff could do no such thing; by coming in as plaintiff, he assumes all the former plaintiff's acts, admits the proceedings previously taken to be correct, and adopts them as his own, and by proceeding he is estopped from afterwards denying the regularity of the judgment and subsequent proceedings. There are other reasons why it was not necessary to proceed anew. The judgment of partition and sale was perfect before the death. The rights of the parties thereafter were not in the land, but in the proceeds. Wherever the plaintiff's share vested, the partition was necessary, and the interest attached to the money, the proceeds of the sale, rather than to the land. The same sale and partition must be made as before, and the only difference would be in the distribution of the share of the deceased party, which would be regulated on motion.

I am of the opinion there was no irregularity in the proceeding, and that the purchaser should complete his purchase.