Andrews, J.
The petitioner certainly has an interest in the controversy adverse to the plaintiff, and the plaintiff *27 might have made him a party, but section 447 of the Code of Civil Procedure contains no provision requiring or authorizing the court to direct him to be brought in upon his own application.*
There has been quite a difference of opinion between courts and judges as to what persons, not parties to an action, are to be construed as having “ an interest in the subject” thereof, within the meaning of section 452 of said Code. People v. Albany and Vermont R. R. Co. (77 N. Y. 232) was an action brought by the attorney-general for the purpose of enforcing an alleged forfeiture of the charter of the Albany and Vermont Bailroad Company, and dissolving that corporation because of its non-user of part of its road. The Troy and Boston Bailroad Company applied to be admitted as a party defendant, alleging that it was the lessee of that part of the road which the defendant had not used. The special term granted the application, but on appeal the order was reversed. On appeal to the court of appeals the order of the general term was reversed, and that of the special term affirmed.
The ground upon which the general term based its decision was that the question whether the defendant had forfeited its charter was entirely between it and the State, and that the lessee had no standing in court to litigate that ques *28 tion, and was not, therefore, interested in “ the subject ” of the action. The court of appeals thought otherwise, and, •in the opinion rendered, it was said : “We think that the lessee has such an interest in the subject of the action, and in the real estate to be affected by the judgment, as to entitle it to be heard (Code Civ. Pro. § 455). Its title depends upon the continuance of the charter of its lessor, and it would be unjust to cut off the rights of this lessee without a hearing.”
In Haas v. Craighead (19 Hun, 396), the following facts appeared : Haas, Pike & Co., transferred to S. N. Pike, one of their firm, their 'property, real and personal, upon an agreement that Pike should convert said property into money, pay the debts of the firm, and divide the remainder between the plaintiff and himself. Pike died in possession of the property, not having performed the agreement. The plaintiff brought an action against Pike’s executors, demanding an accounting in regard to said property, and to recover his share. Under Pike’s will, the executors were to manage his estate until his youngest child became of age, and then convey the real estate to his children. One of the children applied at the special term to be made a party, and the application was denied, but on appeal the order denying the application was reversed.. The judge who delivered the opinion of the general term quotes both section 447 and section 452 of the Code of Civil Procedure, and states that the general term deem the application within the letter as well as the spirit of the statute. It does not appear from the opinion whether this decision was based solely upon the ■ ground that the children had an interest in the real estate, nor what the view of the general term would have been, if the children had not-been entitled, under the will, to have that particular real estate conveyed to them by the executors.
Chandlers v. Powers (1 Civ. Pro. R. 355) was an action brought by a judgment creditor, to set aside a general assignment. Murehie and another applied at special term *29 to be made parties defendant, on the ground that they had an interest in the subject-matter of the action, inasmuch as they were preferred creditors under the assignment, and had also received from the assignors an assignment of a part of the property. The application was denied by the special term, but on appeal the order denying the application was reversed. The general term said: “ The applicants are preferred creditors in a general assignment, which it is the object of this action to annul. They have a direct and specific lien upon property forming the subject of the assignment, and, therefore, are interested in maintaining it. They are interested in the subject-matter of the action within the plain meaning of the terms used in section 452 of the Code of Civil Procedure.”
It appears from the report of this case that all the authorities cited upon the present motion and many others, were cited upon the briefs of counsel, submitted to the general term in that case. It will be observed that the petitioners claimed the right to be made defendants, both because they had an assignment of part of the partnership property, and also as preferred creditors. The decision of the general term, however, does not allude to tlieir having such assignment, but to the one fact only, that they were preferred creditors. I am not sure that I correctly understand what was meant by saying that the petitioners had a direct and specific lien upon the property forming the subject of the assignment. If the assignment was upheld, it would have been the duty of the assignee to sell the property, and the petitioners would have been entitled to their proportionate share of the proceeds. If, therefore, the general term intended to decide that the petitioners in that case, as preferred creditors, had an interest in the subject of the action (they claiming under the assignment and not in hostility to it), it seems tó me that the present application must be granted; for the petitioner, Bill, seeks to uphold the title of the assignee, Morris, against the receiver, Davies, just as the petitioners in that case sought to uphold the *30 title of the defendant assignee against a plaintiff who was trying to set aside the assignment.
The eases above cited show the great difference of opinion which has been entertained by the courts in regai d to the proper-construction of the provisions of section 452 of the Code of Civil Procedure, which relate' to the bringing in of persons not parties to the action, but having an interest in the subject thereof ; and the terms in which the several decisions have been rendered make it difficult to determine how far they are applicable to the case now under consideration.
If a person not a party to an action is not entitled to an order bringing him in as a party defendant, unless he has a lien upon the particular real or personal property which is the subject of the action, as distinguished from a lien upon the proceeds thereof, or unless in some event he will be entitled to receive the particular real or personal property which is the subject of the action, then the present application would, have to be denied. A careful perusal of these cases, however, especially that of Chandler v. Powers, has led me to the conclusion that the appellate courts have not intended to place so narrow a construction upon the provisions of said section 452. Such an interpretation of the provisions of that section is not necessary, because, construing the language according to its ordinary meaning, a person may have a most vital interest in the subject of an action, although he may have no lien upon any particular real or personal property as distinguished from a lien on the proceeds thereof, and may not be entitled, under any circumstances, to receive such property.
The petitioner in the present action is a judgment creditor to the amount of $100,000, and he is vitally interested in defeating the claims set up by the plaintiff, and by Johnston, receiver of the Marine Bank; -who, upon his own application, has been made a party defendant. It is not disputed that, if the plaintiff and Johnston prevail, their claims will more than exhaust all the property in the hands of the defend *31 ant Morris, and that the petitioner will be thereby deprived of all chance of collecting his debt.
Under these circumstances, it certainly would be very ■ unjust that he should be compelled to stand by and see a litigation go on, the result of which may be to prevent his collecting any portion of his large debt, without being permitted to be made a party, and thus become entitled to notice of the proceedings in the action, and be enabled to resist the claims of the plaintiff and the defendant Johnston.
It does not seem to me that the fact that the petitioner can apply for the removal of the defendant Morris, if he fails to do his duty in defending the action, is an answer to this motion. It is evident that any relief which the petitioner could obtain in this manner would be very unsatisfactory and of no practical benefit.
Nor does the objection that other creditors may apply to be made defendants seem to me to have much force. It is not likely that many such applications will be made; but however this may be, the possibility that other creditors may wish to incur the expense of helping defend the action is not a good legal ground for denying the present application.
While the question involved is not free from difficulty, my conclusion is that the motion should be granted.
The order will be settled on notice.

 Code Civ. Pro. § 447. “ Any person may be made a defendant, who has or claims an interest in the controversy, adverse to the plaintiff, or who is a necessary party defendant, for the complete determination or settlement of a question involved therein; except as otherwise expressly prescribed in this act.”
Ib. § 452. “ The court may determine the controversy, as between the parties before it, where it can do so without prejudice to the rights of others, or by saving their rights; but where a complete determination of the controversy cannot be had without the presence of other parties, the court must direct them to be brought in. And where a person, not a party to the action, has an interest in the subject thereof, or in real property, the title to which may in any manner be affected by the judgment, and makes application to the court to be made a party, it must direct him to be brought in by the proper amendment.”