HARRISON R. JOHNSTON, Respondent, *v.* THOMAS F. DONVAN et al., SILAS J. DONVAN et al., Petitioners, etc., Appellants.

The real owner of mortgaged premises does not forfeit his right to be made a party to an action to foreclose the mortgage by an omission to record his deed; and, provided he make application in due time, it is the duty of the court to direct him to be brought in. (Code of Civil Pro. § 452.)

The members of a firm contracted for the purchase for the firm of certain real estate, the title was taken in the name of one of them for their joint benefit, the grantee giving back a mortgage for the purchase money. *Held*, that the other two partners were entitled to be made parties defendant; and that the questions as to whether a valid trust was created in their favor, or as to whether they were in a position to defend against the mortgage could not properly be determined on a motion to have them brought in as parties, but were questions to be litigated on trial of the action.

(Argued June 7, 1887; decided June 21, 1887.)

APPEAL by Silas J. and James V. Donvan from order of the General Term of the Supreme Court in the first judicial department, made January 22, 1887, which affirmed orders of Special Term denying the application of said appellants to be made parties defendant herein.

The nature of the action and the material facts are stated in the opinion.

*George C. Holt* for appellants. The appellants, Silas J. Donvan and James V. Donvan, have an absolute right to be joined as defendants in this action. (Code of Civ. Pro. § 452; *Chester* v. *Dickerson*, 54 N. Y. 1; *Fairchild* v. *Fairchild*, 64 id. 471; *Reed* v. *Marble*, 10 Paige, 410; *Hall* v.

*Nelson*, 23 Barb. 88.) In a foreclosure suit all persons having an interest in the property at the time of filing the *lis pendens* have an absolute right to be made parties. (*Earle* v. *Hart*, 20 Hun, 75 ; *Haas* v. *Craighead*, 19 Hun, 396; *Chandler* v. *Powers*, 25 id. 445 ; *People* v. *Albany & Vt. R. R. Co.*, 77 N. Y. 232.) As to parties who have acquired their interest before the filing of the *lis pendens*, the right to be joined is absolute under the statute. (*Earle* v. *Hart*, 20 Hun, 75 ; *People* v. *Albany & Vt. R. R. Co.*, 77 N. Y. 232.)

*Hamilton Wallis* for respondent. The conveyance to James V. Donvan not having been recorded, he was not a necessary party to the suit. (Code, § 1671.) Not being necessary parties, it was entirely within the discretion of the Supreme Court to admit or refuse to admit the appellants as parties to the litigation, and such discretion cannot be reviewed here. (*Ith. Gas L. Co.* v. *Treman*, 93 N. Y. 660.) James V. Donvan by the conveyance to him having assumed and agreed to pay this mortgage, principal and interest, is thereby precluded from defending against it. (*Root* v. *Wright*, 21 Hun, 344.)

ANDREWS, J. The petition of Silas J. Donvan and James V. Donvan to be made parties defendant was denied on the merits. We think it should have been granted. Section 452 of the Code of Civil Procedure declares that " where a person not a party to the action has an interest in the subject thereof, or in real property the title to which may in any manner be affected by the judgment, and makes application to the court to be made a party, it must direct him to be brought in by the proper amendment." The action was for the foreclosure of a mortgage on real property executed by Thomas F. Donvan, one of the defendants in the action, to whom the premises were conveyed by the mortgagee, March 31, 1880. Prior to the commencement of the action, and on the 20th day of February, 1883, Thomas F. Donvan conveyed the mortgaged premises to the

petitioner, James V. Donvan, by deed, subject to the mort-
gage, containing a covenant of assumption by the grantee.
The deed to James V. Donvan had not been recorded at the
time of the commencement of the action, but he then held
and still holds the legal ·title to the mortgaged premises.
The facts presented by the petition made a case as to the
petitioner, James V. Donvan, which was directly within
section 452 of the Code.   He had an interest in the subject
of the action, and his title to the land would or might be
affected by the judgment which the plaintiff sought therein.
The application was made before the time for answering had
expired, and no laches in making the application are imput-
able to the petitioner.   It is no answer to the application that
the plaintiff was not in fault in bringing the action against
the person having the record title, or that if the action had
proceeded to judgment the petitioner would have been bound
thereby.   (Code, § 1671.)   This is not the test of the right of
the real party in interest to be made a party to the litigation
upon his application under section 452.   He is not compelled
to commit his defense to the hands of a stranger to the title,
and the real owner of real property does not forfeit his right to
be made a party to the action, and to defend his title in that
character, because he has omitted to record his deed, pro-
vided his application is made in due time.   It appears from
the petition that the original conveyance to Thomas F. Donvan
was taken by him in trust for his brothers James V. Donvan
and Silas J. Donvan, the petitioners, and that the subsequent
conveyance by Thomas F. Donvan to James V. Donvan was
taken by the latter in trust for himself and his brother Silas, and
that the land was orignally purchased by them as partners,
and the title taken in the name of the defendant Thomas for
their joint benefit.   It is claimed that no valid trust was
shown either in Thomas, the original grantee, or in James V.,
and also that the petitioners are not in a position to defend
against the mortgage.   These are questions which may be
litigated on the trial.   It is not proper on a motion of this
kind to pass upon the merits of the controversy.   We think

the courts below erred in denying the motion, and the orders of the Special and General Terms should, therefore, be reversed and an order entered granting the application of the appellants, with costs.

All concur.

Ordered accordingly.