Truax, J.
The moving party, Mr. Eberlin, does not show any interest in the policies of insurance that is superior to the interest of the plaintiff. He states that the $2,500 policy is held as collateral security for the payment of the sum of upward of $8,500. The plaintiff alleges in her complaint that the $10,000 policy was *354 assigned to her in 1881, and that notice of that assignment was given to the defendant.
F. F. Marbury, attorney, and Charles Fox of counsel for appellant, argued :
I. It is only through the assignment from Wadsworth that plaintiff can maintain her action upon these policies. This being so, she can obtain no better title than Wads-worth had, which was subject to the claim of the assignee *355 for the amount of the policies over and above the amount of the debt due to Wadsworth.
*354 This allegation of the complaint is not denied, for I do not consider the affidavit submitted by Mr. Fox as evidence of any fact. It is simply an affidavit of something that was told to Mr. Fox by somebody. It is true that the person making, this motion says that he “ is interested in the subject of this action,” but he does not state how he is interested, nor does he show that he has in law an interest in the policies—the subject of the action. A defendant who has an interest in the subject of the action has a right to be made a party to that action, and may be made such party on his own motion. But it must be made to appear on the motion that he has, as a matter of fact, an interest in the subject of the action. He has not shown that by alleging that he “is interested in the subject of this action to the extent of recovering for such creditors the amounts of said policies of insurance, or so much thereof as he is entitled to, which, as deponent demands, claims and insists is the whole thereof, less the amount which was due to Wadsworth and interest.” This allegation does not rebut the allegations made by the plaintiff above referred to. On the papers it appears that the policy was duly assigned to plaintiff, and as such assignment is not disputed, the moving party can have no legal interest in the subject of the action.
From the order entered on the denial, this appeal was taken.
*355 II. If it should be conceded that the plaintiff could revest herself of this policy by an assignment from Wads-worth, so far as she has ratified and confirmed the assignment to Wadsworth by Palmer, she should be bound by it. By her present action she seeks to make the $2,500 policy pay Wadsworth’s debt, and the $10,000 policy be relieved from all liability for the payment of it. This she cannot do. The $10,000 policy must bear its proportion of the loan, and if there was a wrongful use of it by Geo. H. Palmer, she can make her claim against his estate. She seeks here to marshal these securities without respect to the rights of the creditors of George H. Palmer, who ought to have an opportunity through the assignee to present theiy interest for the determination of the court.
III. George H. Palmer could have had a property in the policy, although he had assigned it to the plaintiff without a re-assignment from her. The policy does not require a written assignment. It could be assigned by parol with manual delivery. U. S. v. White, 2 Hill 59 ; Briggs v. Dow, 19 Johns 95; Freund v. Importer’s Bank, 76 N. Y. 356.
IV. Upon the facts stated, the assignee showed that he had an interest in both policies, unquestionably in the $2,500 policy. The plaintiff, as against the assignee, should be compelled to litigate the question as to her right to the whole of the moneys upon the policies; and it was not proper upon a motion of the kind in question, to be made a party to an action, to pass upon the merits of the controversy and try the question upon affidavits. Johnston v. Donovan, 106 N. Y., 269.
V. Section 452 of the Code provides that where a person not a party to the action has an interest in the subject thereof, and makes application to the court to be made a party, it must direct him to be brought in by the proper amendment, and a person so interested in the *356 subject of an action has an absolute right to be made a party thereto if he elects so to do. Earle v. Hart, 19 Hun 75; Haas v. Craighead, 20 Ib. 398; Lee v. Pfeiffer, 25 Ib. 97; Chandler v. Powers, 1 Civ. Pro. Peg. 315.
Maclay & Forrest, attorneys, and Michael M. Forrest of counsel, for respondent, argued :
I. The only construction of the last sentence of this section which will avoid the extreme on the one hand of maintaining that an undisputed interest in the subject of the action is necessary to bring a person within the terms of this sentence of the section, or, on the other hand, that a mere claim of interest will entitle one to be made a party, is that the person invoking this provision must show, by competent evidence, either a practically undisputed interest in himself, or, if his interest is disputed, he must present competent evidence tending to make a case showing him to be entitled to some interest in the subject of the action. Mr. Eberlin is not before the court as possessed of an undisputed interest, and the burden is upon him to present competent evidence of such facts as will furnish a logical basis for the conclusion that he is indeed so interested. Gunther v. Greenfield, 8 Abb.’s N. S. 191; Chandler v. Pierce, 1 Civ. Proc. Rep. 355; Hornby v. Gorton, 9 Bos. 657; Johnston v. Donovan, 12 Civ. Proc. Rep. 315.
II. The plaintiff has alleged under oath “ that on or about July 20, 1881, the said George H. Palmer duly assigned the $10,000 policy of insurance to the plaintiff, who then became, and ever since has been, and now is, the absolute owner of the same.” This allegation, which is contained in the complaint, one of Mr. Eberlin’s moving papers, is not denied by him, and, in the absence of denial, concludes him, and will necessitate an affirmance of the order denying his application to be made a party; for, if this allegation is true, Mr. Eberlin cannot have any interest in this policy.
III. The allegation in the complaint of the assign *357 ment of the $10,000 policy to the plaintiff not having been contradicted by the assignee, and no facts having been shown from which it can be inferred that Mrs. Palmer ever re-assigned this policy to her son, the legal presumption is that she still continues to hold the policy in her original right. The law presumes that a fact continuous in its character, still continues to exist; a party having title at one time is presumed to continue to hold it, in the absence of evidence to the contrary. 1 Stark. Ev. 34, 4 I. D., 1252; Wolrod v. Ball, 9 Barb. 271; Wilkins v. Early, 44 N. Y. 180.
IV. Mr. Eberlin shows no interest in the, subject of the action. The allegations of interest are : “ Deponent is advised and believes deponent was entitled, as against the said Wadsworth or his assignee or successor in interest, to the amount of said policies less the amount owed to the said Wadsworth and interest.” What the allegation would amount to, if positively and competently expressed, is, that as against Wadsworth’s assignee Mr. Eberlin is entitled to all over the amount of the $3,575 note. This Mrs. Palmer has always admitted, but she is not Wadsworth’s assignee as to the $10,000 policy. She obtained that by an absolute assignment from the assured himself, and the amount of the $2,500 policy, of which she is Wadsworth’s assignee is not sufficient to pay the $3,575 note.
V. Upon the argument of the motion Mr. Eberlin’s attorney, finding his case needed support, obtained leave to read the affidavit of Mr. Charles Fox. It is impossible to determine from Mr. Fox’s affidavit where he picked up his information. But he swears that the facts set forth in the'paper he verifies were furnished by Mr. Eberlin’s attorney, who is not Mr. Fox, as being correct. This is unprecedented and utterly incompetent for any purpose. Bennett v. Edwards, 27 Hun 388; Yates v. North, 44 N. Y. 273 ; Steuben Co. Bank v. Allenberger, 78 Ib. 258; Mawry v. Sanborn, 65 Ib. 584; Gribben. v. Schellinger, 30 Hun 248.
*358 VI. The case of Gunther v. Greenfield, 8 Abb. N. S. 191, if considered an authority, is decisive against this motion.
By the Court.—Sedgwick, Ch. J.
The action is upon two causes. Each is to recover an amount payable by a policy of life insurance upon the life of George H. Palmer. The plaintiff claims by assignment. The complaint has not been answered.
The appellant claimed that he was owner of the policies, by assignment. As to one he virtually admitted that it was held validly by the plaintiff, as pledgee, having the right of a former pledgee who assigned to the plaintiff.
The learned judge examined the right of the appellant as against the plaintiff, and upon sufficient ground held that he had no right to recover against the defendant superior to the plaintiff.
I am of the further opinion that the interest of the appellant, whatever its nature, and however valid, was not an interest in the subject of the action. The subject of the action was not a fund, or a res of any kind. It was a personal claim of the plaintiff. The issue when formed would be as to the plaintiff’s right to recover. In this, the appellant had no interest of a legal kind. The action did not involve any claim of the appellant against the defendant on the policies, or a'gainst the plaintiff, as to her duty to the appellant in respect of the proceeds, should the plaintiff recover in this action. In fact, the appellant’s position exhibits a claim of having a cause of action, distinct and separate from the cause of action here.
Order affirmed with $10 costs.
Dugro, J., concurred.