RAYMOND CHRISTMAN, APPELLANT, *v.* JOHN W. THATCHER, AS OVERSEER OF THE POOR OF THE TOWN OF AMSTERDAM, AND THE TOWN OF AMSTERDAM, RESPONDENTS.

*Power of a court to order other parties to be brought into an action — Code of Civil Procedure, sec. 452 — when it will not be exercised.*

In this action, brought to recover for services rendered by the plaintiff's assignor, a physician, to an indigent person, at the request of the defendant, the overseer of the poor of the town of Amsterdam, the town moved for and obtained an order making it a party defendant, the town insisting that it would be ultimately liable for the payment of any sum recovered against the overseer, and charging that the overseer did not defend the action in good faith.

*Held*, that the order should be reversed, as the original defendant was the proper person to be sued and to defend the rights of the town.

*Semble*, that a case in which the plaintiff has no right of action against the town, and in which, if he had originally made the town a party, he would be beaten as to it, on the trial, and be compelled to pay costs, is not a proper case in which to bring in the town as a party under section 452 of the Code of Civil Procedure.

APPEAL from an order made at the Montgomery County Special Term granting a motion, on behalf of the town of Amsterdam, to be made a party defendant to this action.

This action was brought to recover of the defendant, John W. Thatcher, as overseer of the poor, of the town of Amsterdam, on a claim of seventy-five dollars for services claimed to have been rendered by one Timmerman, as a physician, in prescribing and caring for one Edward Murphy, who, it is alleged, had become chargeable to said town for his relief and support; it was also alleged that the services were performed at the request of said overseer; that the said Timmerman presented a claim for the said services to the board of town auditors of the said town, at its regular meeting in November, 1887, and that the same was disallowed by the said board; and that said claim was thereafter sold and assigned to the plaintiff. The defendant, the town of Amsterdam, moved, on affidavits, to be made a party defendant, under section 452, of the Code of Civil Procedure.

*Edward P. White*, for the appellant.

*Peter J. Lewis*, for the respondents.

LEARNED, P. J.:

This is an action to recover for services rendered, as alleged, by plaintiff's assignor, a physician, to an indigent person, at the request of defendant. The town of Amsterdam moved to be made a party defendant, and an order was granted requiring plaintiff to amend his summons and complaint accordingly. The plaintiff appeals, and alleges, among other things, that he has no right of action against the town of Amsterdam, and will therefore be beaten as to that defendant on the trial, and hence may incur two bills of costs. The town insists that it will ultimately be liable for the payment of any sum recovered against the overseer, and charges that the overseer does not defend the action in good faith. This is a mere common law action for the recovery of money on contract. It affects no specific property. Now, without attempting to specify all the cases in which the remedy given by section 452 may be had, we think it is plain that when a person, if made a party defendant by the plaintiff at the commencement of the action, could have demurred

successfully on the ground of no cause of action, and on the trial would have recovered against plaintiff his costs, it can seldom, if ever, be proper to compel the plaintiff to add such a person as a party defendant. There have been many decisions and some of them conflicting, on this section. In some cases cited by the respondent the court gave simply the right to appear and cross-examine, as in *Clay* v. *Clay* (21 Hun, 609); in some to produce witnesses, as in *Tilby* v. *Hayes* (27 Hun, 250); in some to proceed in the name of the party, as in *Hoffman* v. *Steinau* (34 Hun, 239). *Davies* v. *Fish* (19 Abb. N. C., 24), in the Court of Appeals, was an equitable action by relator, and was therefore within the old chancery practice of bringing in all persons having an interest, the matter of costs being in the discretion of the court. *Haas* v. *Craighead* (19 Hun, 398), was for an annuity; and the person made a party had an interest in the land affected. (See Abbott N. C., p. 28.) In *Ithaca Gas Light Company* v. *Treman* (30 Hun, 212), the person made a defendant stood in the position of a *quasi cestui qui trust* of the plaintiff, viz., a stockholder of the company, and could probably have maintained the action as plaintiff if the company had refused to sue. *Johnston* v. *Donvan* (106 N. Y., 269), was a case where the person who was made a defendant claimed an equitable title to the land under foreclosure. We do not think it necessary to cite other cases. These are enough to show that the present is a case of a different character from those where the relief has been granted. By the provisions of the statute the original defendant, Thatcher, is charged with the duties out of which this action arose. He is the proper person to be sued and to defend the rights of the town. We do not think that the supervisor should compel the plaintiff to make the town a defendant, in order that the supervisor may defend the action. The order should be reversed, with ten dollars costs and printing disbursements, and motion denied, with ten dollars costs, to be paid by said town.

LANDON and INGALLS, JJ., concurred.

Order reversed, with ten dollars costs, and printing disbursements, and motion denied, with ten dollars costs, to be paid by the town of Amsterdam.