(14 Misc. Rep. 299.)

### GRISWOLD v. CALDWELL et al.

(Common Pleas of New York City and County, General Term. November 4, 1895.)

NEW PARTIES—SUBSTITUTED TRUSTEE—HOW BROUGHT IN.

Code Civ. Proc. §§ 452, 453, providing for bringing in a new party whenever it appears that a complete determination of the controversy cannot be had without his presence, or the proposed new party has an interest in the subject of the action, or in real property the title to which may be in any manner affected by the judgment, refers only to the persons who were necessary or proper parties at the beginning of the action, and not to a substituted trustee, who succeeds to the rights and interests of the former trustee; but such substituted trustee can be brought in as a party only under sections 756–760, providing for bringing in as a party one on whom the right and interest of the original party has devolved.

Appeal from special term.

Action by Maud A. Griswold against Meta J. B. Caldwell, individually and as trustee under the will of Stacy Pitcher, deceased, and others, to foreclose a mortgage. Pending the action Meta J. B. Caldwell resigned the office of trustee, and Franklin Bien was appointed by the court as substituted trustee. From an order granting the motion of the substituted trustee to be brought in as a party defendant, plaintiff appeals. Reversed.

Argued before BOOKSTAVER, BISCHOFF, and PRYOR, JJ.

C. N. Bovee, Jr., for appellant.

Benjamin N. Cardozo, for respondent.

BISCHOFF, J. The action is for the foreclosure of a mortgage on real property, and at the time of its inception the equity of redemption was in Meta J. B. Caldwell, as trustee under the will of Stacy Pitcher, deceased. Mrs. Caldwell was made a party de-

fendant as such trustee, and was named as such in the summons, complaint, and notice of pendency of the action which was filed. After having defaulted in pleading in this action, and in proceedings instituted in the supreme court for her removal as such trustee, she resigned her trust, and conveyed the mortgaged property to Franklin Bien, as trustee appointed in her place and stead. Before the time of the defendants to plead had expired the new trustee applied to be made a party to this action, claiming a right to that effect under sections 452 and 453 of the Code of Civil Procedure. In support of his application he asserted by affidavit that under the will of Stacy Pitcher the trustee was empowered, under certain conditions, to sell, but not to mortgage, the land embraced within the trust; that Mrs Caldwell had united with the plaintiff to evade the limitations of the will, and to mortgage and incumber the property, in contravention of the trust; that for a nominal consideration, and in form only, she had conveyed the property to one Church; that Church had then mortgaged it to one Rust; that Rust had thereupon assigned the mortgage, without consideration, to the plaintiff; that Church had then reconveyed the property, without consideration, to Mrs. Caldwell, as trustee; that the moneys secured by the mortgage were in fact loaned, not by Rust, but by the plaintiff, and were in fact received, not by Church, but by Mrs. Caldwell; that the full sum as stated was at no time advanced upon the mortgage, and that the plaintiff was at all times cognizant of the purpose and design of the trustee. The notice of motion also prayed "for such other and further relief as to the court may seem just," and the order, which was made and entered against the plaintiff's objection, directed that the substituted trustee should "be brought in" as and made a party defendant to the action; that the summons, complaint, and the notice of the pendency of the action be amended accordingly; and that such amendment be without prejudice to the rights of the parties and the proceedings already had, except that the right of the new defendant to service of the summons and complaint upon him, and to defend the action, should in no sense be held impaired. From the order the plaintiff has taken this appeal.

It was urged in the plaintiff's behalf that the application of the substituted trustee should not be granted because of the former trustee's retention of the avails of the mortgage. The tenability of this plea is at least questionable. Wetmore v. Porter, 92 N. Y. 76. Hence, the proposed defense to the mortgage was not, upon the motion, to be disposed of upon its merits. Johnston v. Donovan, 106 N. Y. 269–271, 12 N. E. 594. We are, however, of the opinion that the order was erroneous in that it directed the new trustee to be added as a party defendant, and not substituted in the place and stead of the former trustee and defendant. Had the latter course been pursued no amendment of the notice of the pendency of the action would have been requisite (Code Civ. Proc. §§ 1670, 1632), as the substituted defendant would have taken the place of the former defendant cum onere (Hegewisch v. Silver, 140 N. Y. 414, 35 N. E. 658). Nor would the substituted defendant be

entitled to service upon himself of the summons and complaint, or to defend the action, notwithstanding the default in pleading of his predecessor in interest, as a matter of right. If the default was in furtherance of the alleged scheme to incumber and sell the property, the substituted trustee's right to relief would seem to be enforceable only by an appropriate action.

The facts do not present a case within the purview of sections 452 and 453 of the Code of Civil Procedure. Those sections provide for the bringing in of a new party by amendment or supplemental summons and complaint whenever it appears that a complete determination of the controversy cannot be had without his presence, or the proposed new party has an interest in the subject of the action, or in real property, the title to which may be in any manner affected by the judgment; but they comprehend only such cases wherein it appears that the interest of the proposed new party in the controversy, or the subject of the action, or the real property, the title to which may be affected by the judgment, was held by him at the inception of the action, and was not then exclusively represented by one who was made a party. In other words, those sections have reference to persons who were necessary or proper parties from the beginning of the action. Osterhoudt v. Board of Sup'rs, 98 N. Y. 239; Pom. Rem. & Rem. Rights, §§ 415, 422. And such were the persons brought in as parties in the cases cited by the respondent's counsel. Johnston v. Donovan, 106 N. Y. 269, 12 N. E. 594; Rosenberg v. Salomon, 144 N. Y. 92, 38 N. E. 982.

The case presented is, moreover, one of a devolution of interest during the pendency of the action, and sections 452 and 453 of the Code would have no application. The scheme of the Code comprehends distinct provisions for bringing in additional parties, or substituting parties,—the one embraced within sections 452 and 453, which apply only to cases in which at the beginning of the action parties sought to be brought in were either necessary or proper parties; the other embraced within sections 755–760, which apply to the bringing in of parties, either by substitution or addition, upon whom has devolved during the pendency of the action the rights and interests of a party or parties already joined in the action. The former may have given them all the rights of original parties, including that of original pleading; but the latter take up the action and become parties at the point upon which the interest devolved upon them, and from that point continue the action, except as to supplemental matters, with the same burdens and in the place and stead of their predecessors in interest. And indeed it is proper, for the due administration of justice, that such should be the case, otherwise the delay of judicial proceedings would be incalculable. In the case at bar the substituted trustee's interest in the controversy, the subject of the action, and the real property, the title to which will be affected by the judgment, was exclusively held and represented at the inception of the action, and the time when the notice of its pendency was filed, by the defendant Caldwell, as trustee. In so far as that interest was concerned, all the necessary and proper parties to enable the court

to completely determine the controversy were then present. For obvious reasons the substituted trustee was not then a possible party.

The action could not abate by any event (Code Civ. Proc. § 755), but relief might have been extended in this action to the new trustee, under sections 756 and 760 of the Code of Civil Procedure, as indicated. The sections last alluded to, where the application is made by the person to be substituted or joined, authorize the substitution, in the place of a party, of a person who pendente lite has succeeded to the entire interest of such party, or upon whom the entire liability of the latter has devolved; and the joinder with a party of one who pendente lite has only partly succeeded to the interest of such party, or upon whom the latter's liability has only partly devolved, by amendment of the pleadings or otherwise, as the case requires. Had this course been adopted in the present action, no question could have arisen with regard to the default in pleading of the new trustee's predecessor in interest. The new trustee having succeeded to the entire interest of the trustee, defendant might well, under his prayer for general relief (People v. Nostrand, 46 N. Y. 375; Van Slyke v. Hyatt, Id. 259), have been substituted as a party in the latter's place and stead, and relieved from the default in pleading. Upon such substitution the action would have continued from the point to which it had progressed at the time, and the substituted defendant would, without further relief, have been bound by his predecessor's default in pleading. Moore v. Hamilton, 44 N. Y. 666, 672; Thwing v. Thwing, 18 How. Prac. 458. In view, however, of the duty which the law imposes upon a trustee, to guard the interests committed to him against the collusive and negligent conduct of his predecessor in office, as well as the wrongful acts of others (Cuthbert v. Chauvet, 136 N. Y. 326, 32 N. E. 1088), the extension of relief from the default in the present case, and upon proper terms, would seem to require approval as an act of wise judicial discretion (Code Civ. Proc. § 783).

We may upon appeal modify any order, but cannot grant entirely new relief. Code Civ. Proc. § 1317. The order appealed from must therefore be reversed, and the motion be directed to be reheard at special term. Id. Costs of this appeal are awarded to the appellant, to abide the event of the motion. All concur.