GRISWOLD v. CALDWELL et al.

(Supreme Court, Appellate Division, First Department. May 8, 1896.)

JUDGMENT BY DEFAULT—WHEN OPENED.
In an action to foreclose a mortgage given on property which had been conveyed to the mortgagor by one holding the title as trustee, for a nominal consideration, and which, after execution of the mortgage, was reconveyed to the trustee, defendants who are interested in the trust property, though in default, should be permitted to come in and answer where their application is made before the action is at issue as to other defendants.

Appeal from special term, New York county.

Action by Maud A. Griswold against Meta J. B. Caldwell and others. From an order denying a motion by some of the defendants to open a default, and for leave to answer, said defendants appeal. Reversed.

Argued before VAN, BRUNT, P. J., and BARRETT, RUMSEY, O'BRIEN, and INGRAHAM, JJ.

Benjamin N. Cardozo, for appellants.
C. N. Bovee, Jr., for respondent.

RUMSEY, J. The action was brought in April, 1894, to foreclose a mortgage which was made by one Church to Rust, and by Rust assigned to the plaintiff. Shortly before the making of the mortgage, the mortgaged premises had been owned by the defendant Meta J. B. Caldwell, as sole trustee of the estate of Stacey Pitcher. On the 16th of June, 1891, she sold them to Church, for a consideration of one dollar. On the 1st of July, 1891, Church mortgaged them to Rust, for $3,500; and, on the same day, the mortgage was assigned to the plaintiff; and on the 1st of February, 1892, Church reconveyed to Mrs. Caldwell, who had all the time been in possession of the premises. After the action was commenced, Mr. Franklin Bien was appointed trustee in the place of Mrs. Caldwell; and on the 24th of September, 1894, he made an application to be brought in as a party defendant, and allowed to answer. That application was granted on the 3d day of January, 1895. The plaintiff, however, appealed from it; and on the 25th of November, 1895, the order was reversed (35 N. Y. Supp. 1057); and thereupon, on the 28th of January, the appealing defendants moved for an order that

they might be permitted to answer, which motion was denied, and from the order denying it this appeal is taken.

It appears from the papers submitted that, after Mr. Bien had been made trustee of this estate, he procured some extensions of time. and made efforts to settle the action, which were unsuccessful, and that the service of the summons by publication was not commenced until some time in the month of September, and shortly before he moved to be let in to defend. It also appears that certain of the defendants have not yet been served, and that the action is not yet at issue as to them; so that there has been practically no delay thus far which would prevent the plaintiffs from entering judgment, because they have not yet become entitled to do so. It would appear from the papers that Mrs. Griswold, the plaintiff, paid $3,000 for this mortgage. The trustee had no power to mortgage the premises, and Mrs. Griswold, when she took this mortgage, had notice, of course, that the title to the property came from the trustee, and that Church was a purchaser for only nominal consideration. If she bought the mortgage with notice of those facts, she took it charged with any imperfections there might be in it, if it could be shown that the transaction was merely a device to enable the trustee to borrow money upon the security of the premises, in defiance of the terms of her trust. It is alleged by the defendants that the transaction was had practically with Mrs. Griswold, and that Rust was only a nominal party. If that be so, it is probable that the defendants would have a good defense to this action, and clearly they should be entitled to set it up. Although Meta Caldwell was the person who was a party to this fraud, yet the other defendants were not, and they have a right to protect their interest, however little merit there may be in the application made by Mrs. Caldwell herself.

For these reasons, we think that the order denying the motion should be reversed, and that the default of the defendants should be opened, and that they should be permitted to answer, without costs of this appeal or of the original motion. All concur.