## VOLUME 86,

### AND

## New York State Reporter,

## VOLUME 120.

---

(90 App. Div. 432.)

### O'CONNOR v. HENDRICK et al.

(Supreme Court, Appellate Division, Fourth Department. January 26, 1904.)

1. INTERVENTION—EMPLOYMENT OF ATTORNEY.
   A court, in granting a motion to permit parties to intervene as defendants, has no authority to require them to appear and defend through the attorney employed by the original defendant.

2. APPEAL—REVERSAL OF PORTION OF ORDER.
   On appeal, in an action by a school-teacher for wages, from that portion of an order which, as a condition of allowing parties to intervene on the ground of collusion between plaintiff and defendant, required the interveners to defend through the attorney employed by the defendant, that portion of the order will be reversed, and the remainder affirmed on condition that the interveners stipulate not to tax costs against plaintiff; otherwise the entire order will be reversed.

   McLennan, P. J., and Stover, J., dissenting in part.

Appeal from Special Term, Livingston County.

Action by Nora O'Connor against Patrick Hendrick, sole trustee of School District No. 9, town of Lima, and Charles D. Miner and others. From that portion of an order requiring defendants Miner and others to appear and defend through the attorney employed by defendant Hendrick, defendants Miner and others appeal. Reversed.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, HISCOCK, and STOVER, JJ.

Albert H. Stearns, for appellants.
Fletcher C. Peck, for respondent Hendrick.
Timothy J. Nighan, for respondent O'Connor.

86 N.Y.S.—1

HISCOCK, J.   We think that the portion of the order imposing the condition above mentioned and appealed from was erroneous. This action was brought by plaintiff to recover for services claimed to have been rendered both by herself and by another, who assigned to her, as school-teachers in the public schools of District No. 9 of the town of Lima.   The appellants made a motion to be allowed to intervene and become parties defendant in the action, under the provision of section 452 of the Code of Civil Procedure, upon the grounds, in substance, that they were the owners of real property within said school district which would be affected in case judgment was recovered by the plaintiff, and that the plaintiff and defendant trustee were so acting, collusively that the latter would not properly and in good faith defend this action and protect the interests of the appellants.   As appears by the recitals in the order made upon said motion, no opposition whatever was offered by the plaintiff thereto.   The defendant trustee did appear, and through his present attorney opposed the granting of said motion.   The motion was, however, after due consideration, granted, but upon the condition already referred to.   We do not feel that the original underlying question of the right of defendants to be made parties to this action is before us upon this appeal.   As already stated, the plaintiff did not, upon the motion, oppose said application, and the learned counsel for the respondent trustee has not, as it seems to us, questioned in his brief the right of the appellants to be made parties, if the court at Special Term, in the exercise of its discretion, deemed it proper to make them such.   Moreover, no appeal has been taken from that portion of the order bringing them in.   Assuming, therefore, as we must, under these conditions, that the appellants have been properly and rightfully made parties, we simply have before us the query whether it was proper to impose upon them, as a condition of coming in, that they should employ the attorney for the respondent trustee, whose acts and conduct they are criticising and accusing.   We think it very clear that we must answer this question in the negative, and assert the law to be that such condition should not have been imposed.   Jemmison v. Kennedy, 55 Hun, 47, 7 N. Y. Supp. 296.   Courts have very uniformly and steadfastly secured to clients the right, under all reasonable conditions, to select and change at will their attorneys; and this rule has been deemed essential to the preservation of those confidential relations which ought to prevail between counsel and client.   Tenney v. Berger, 93 N. Y. 524, 45 Am. Rep. 263; In re Paschal, 10 Wall. 483, 19 L. Ed. 992; Dodin v. Huerstel, 85 Hun, 257, 32 N. Y. Supp. 1013.   But, while no such argument is addressed to us by the briefs of the counsel for the respondents, it is nevertheless suggested that, reaching the conclusion above indicated as to the condition imposed, we still ought not to reverse the order in this respect, and leave it otherwise standing and in force; that the respondents may have been willing to accept, and therefore not appeal from, the order as a whole, and containing the condition already referred to; and that, this being so, it will be unfair and inequitable to leave them without remedy as against the order when modified by striking out said portion thereof.   Answering this suggestion, it seems to us that, in the first place, it may

be said that respondents received ample warning that this very result might happen. The notice of appeal served by appellants pointed specifically to this provision and portion of the order as the one, and the only one, of which they would endeavor to secure a reversal, and respondents therefore might very properly assume that, in the absence of any appeal by them from other portions of the order, the precise result might follow which now seems imminent. We prefer, however, not to dispose of the suggestions made and now under consideration upon this ground alone, but to measure our proposed action by the test of fairness and justice to the respondents who have not appealed, and who will find themselves governed by a modified form of the original order. We do not see how, under the circumstances of this case, such result is to be either unjust to them or burdensome upon them. Upon the other hand, we think that it will be entirely beneficial to and proper for all the parties interested.

As already suggested, this action is brought by plaintiff to recover for services alleged to have been performed in teaching in the public schools in the town of Lima. In opposition to her right to recover it is urged that she and her assignor have violated those rules of the Department of Public Education of this state, which rest upon the provisions of the Constitution itself, and forbid that teachers in public schools shall wear any distinctive or distinguishing dress denoting membership in any religious order to which they belong, and that they shall not seek to utilize their position as teachers to press and urge upon the minds of children under their care the religious tenets and doctrine of any sect. It is said that plaintiff and her assignor, while engaged in the pursuit of their duties as teachers, wore the distinctive and distinguishing dress of the religious order of sisterhood known as the "Sisters of St. Joseph," to which they belonged, and that before and after school hours, while performing their said duties, they taught the religious principles and doctrines of their order. It is asserted that these acts, especially when viewed in the light of various rulings and orders made by the Superintendent of Public Instruction, furnish a defense to the claim in suit. Appellants, then, by their affidavits, vigorously and pointedly attack the attitude of the defendant trustee in this controversy, which has apparently been running some time. They accuse him, through the allegation of specific acts, of an indifference, if not hostility, to the principle that our public schools shall not be subjected by any sect to religious domination, and which, in effect, has been safeguarded by our Constitution. It is true that the trustee endeavors to repel these accusations. But his answer, characterized especially by professions of good intentions, and by forgetfulness of various alleged acts impugning such intentions, does not impress us as indicative of any purpose upon his part to aggressively defend those principles above referred to if this case presents the necessity for so doing. In fairness it is to be noted that no attack is made by appellants upon either the ability or good faith of the attorney who represents him, and who, against their will, has been selected for them by the court. We feel confident that none such could be made. But it is apparent that such attorney must necessarily be more or less subject to the will and control of his first

client, the defendant trustee. At his behest, presumably, he has opposed the application of these appellants to.be made parties. With the manifest distrust and lack of unity existing between the trustee and appellants it will be difficult, if not impossible, for one attorney, however conscientious and painstaking, to serve both with satisfaction. Under such circumstances it seems to us that it not only is not unjust to respondents, but it is the natural and practical solution, to allow that portion of the order which is not questioned by anybody to stand, after we have cut out the obnoxious condition which was appealed from. This will allow these appellants in their own way, and through their own attorney, to present to the court their views upon the matters which they correctly or incorrectly conceive to be involved in this litigation. And we feel assured that in the end it cannot be otherwise than satisfactory in the highest degree to the defendant trustee to have this done, rather than that residents and taxpayers in the school district which he represents should feel distrustful of and dissatisfied with the results which might flow from his sole management of this litigation.

If we are correct in the foregoing views, it is unnecessary to consider or lay down as universal the principle that when, upon an appeal by one party, an order has been modified by striking out some portion thereof, it should, as so modified, be affirmed, and allowed to stand as against the party who has not appealed. It very well might be in some .case that the provision reversed or cut out would be so connected with or would so modify the remainder of the order that it would be impossible, or manifestly unjust, to reverse in part and affirm in part. It is sufficient to say that, in our judgment, this case does not present either of these conditions. The relief sought by the original motion is completely covered by and comprehended within the portions of the order not appealed from. The other portion containing the condition is distinct and entire, and may be reversed without in any manner impairing the completeness of the main provision. The only question in this connection relates to the propriety and justice of so doing, and the application of the facts before us to the solution of that leads us to the conclusion already indicated.

Finally, it may be said that the appearance of appellants by separate counsel will subject the plaintiff to double trouble and liability for costs in case of failure. It is to be again noted that she intrusted the opposition upon the original motion to defendant alone, making none herself. In our opinion, she will be protected from any unreasonable burdens incident to .the intervention of these new parties by the imposition of the condition that, in the event of success, they shall not have costs against her.

We therefore conclude that that portion of the order appealed from should be reversed, and the condition thereby imposed removed, and that the order as thus modified should be affirmed, with $10 costs and disbursements to appellants, upon condition that they execute a written stipulation not to tax costs against plaintiff. In case of their failure to make such stipulation, the entire order is reversed, without costs.

Order reversed as to provision appealed from requiring appellants, as a condition of intervening, to employ the attorney specified by the court, with $10 costs and disbursements to appellants, provided they stipulate in writing not to tax a separate bill of costs against the plaintiff in event of their success in the action. In case of failure to execute said stipulation, the entire order is reversed, without costs to either party. All concur, except McLENNAN, P. J., who dissents in opinion, in which STOVER, J., concurs.

McLENNAN, P. J. (dissenting). The appellants made a motion to be made parties defendant in the action, under section 452 of the Code of Civil Procedure, upon the ground that they were the owners of real property within the school district of which the defendant Hendrick is sole trustee, which property would be affected in case judgment was recovered by the plaintiff; and the appellants allege in the moving papers that the plaintiff and the defendant trustee were acting collusively, and therefore that the trustee in the conduct of the action would not properly and in good faith protect the interests of the appellants. The respondents opposed the motion, and insisted that the court had no power to grant the relief asked for. We think their contention is correct, and that the court was without authority of law to grant the relief asked for. Christman v. Thatcher, 48 Hun, 446, 1 N. Y. Supp. 451, and cases cited. The court, however, granted the motion, and directed that the appellants be made parties defendant in the action, but only upon condition that they employ a certain attorney named in the order to conduct the litigation for them, who, at the time, was the attorney for the defendant trustee. While in no manner conceding the power or authority of the court to permit the appellants to be made parties to the action, with the condition imposed, the respondents were satisfied with the order as a whole, considered that its effect would be harmless, and therefore did not appeal therefrom. The appellants appeal from so much of the order as imposed the condition. We think it clear that the part of the order so appealed from was erroneous. The court has no power to compel a party to an action to employ any particular attorney to conduct such action for him. Jemmison v. Kennedy, 55 Hun, 47, 7 N. Y. Supp. 296; Tenney v. Berger, 93 N. Y. 524, 45 Am. Rep. 263. The order appealed from consists of two provisions, both of which were made without authority of law, and any party aggrieved by either should have the opportunity to relieve himself therefrom. With the two provisions standing together, the respondents did not consider that their rights were prejudiced, and for that reason did not appeal, and did not attempt to have the first provision, although illegal, reversed, because, as we have seen, when taken in connection with the condition or the second provision of the order, it was not thought to be harmful. But it is suggested that, the condition of the order, having been appealed from, must be reversed, because made without authority, but that the first provision, although also made without authority, should be permitted to stand, because no appeal has been taken therefrom, and which would only become harmful or prejudicial to the rights of the original parties to the action by striking out the

conditions imposed. It seems to me that such a disposition of the appeal is not fair or equitable, and is not justified by any recognized rules of practice. The order as made was erroneous in all its parts, but by reason of the condition imposed the respondents regarded it as harmless, and were satisfied with it as a whole. With the condition stricken out, it will not be satisfactory to them, and will become extremely prejudicial to their interests; and this result should not follow solely because the respondents failed to appeal from an order which, as a whole, was satisfactory to them. They were not bound to anticipate that this court would strike out of the order one provision which was illegal, but which rendered the other provision, which was equally illegal, harmless, simply because the first provision was not appealed from, and in that manner, and solely for that reason, seriously prejudice their rights and interests. This should not be done unless it is to be regarded as the settled practice that an order which contains a condition, no matter how satisfactory it may be as a whole, and, with that condition in, must be appealed from by the party thus satisfied with it in order to protect himself against the danger of having the condition which rendered the order unobjectionable stricken out by the appellate court, but leaving a single provision, although made without authority of law, and which is prejudicial, in full force and effect.

It seems to me that, as each and every part of the order appealed from is erroneous, and made without authority of law, it should be reversed as a whole, with $10 costs and disbursements, and that the motion should be denied, with $10 costs.

STOVER, J., concurs in dissent.