(45 Misc. Rep. 34.)

### JEWETT v. SCHMIDT et al.

(Supreme Court, Special Term, New York County. September, 1904.)

1. JUDGMENT—DEFECT OF PARTIES—WAIVER.

Though, under Code Civ. Proc. §§ 488, 499, defendants, by their omission to question defect of parties by answer or demurrer, must be deemed to have waived such defect, final judgment will not be directed if parties to the action will be exposed to risks in respect to persons interested in the subject of the action who have not been made parties.

2. SAME.

Where it appears that the presence of certain persons omitted from the action as parties is necessary to a complete determination of the controversy, in that they have an interest therein, it justifies the court in withholding its judgment.

3. ADMINISTRATORS—ACCOUNTING—PARTIES.

Testator died in 1877, giving his daughter the income of $200,000 during life, with remainder to her legal issue in equal proportion after they reached the age of 21 years. In an action to construe the will, in which all of the children of the daughter were parties, a judgment was rendered in 1880 determining that the term "legal issue," in the remainder clause of the will, meant such children of the daughter as should survive her. In an action against the daughter and a son, as administrators of the deceased father, for an accounting as to the fund, and to have a trustee appointed, it appeared that two sons of the daughter had died intestate, without issue, leaving their father surviving them; that one of the sons was also survived by his wife. Held, that the fact that the father and the surviving wife of the son, individually and as administratrix of the son, were not parties to the action, was no ground for withholding final judgment; they not being issue of testator's daughter.

4. RES JUDICATA—CONSTRUCTION OF WILL.

In an action for the construction of a will, though the pleadings did not specifically present any question as to a bequest to testator's daughter and her issue, all questions which might or could arise from the instrument could be litigated and determined therein, so that a judgment in such action was conclusive on all the parties thereto, and on all those persons whose interests were derivative from the rights of any party so concluded.

Action by Elsie M. Jewett against Melinda P. Schmidt and others. Motion for judgment on report of referee. Objection to final judgment overruled.

See 80 N. Y. Supp. 352; 82 N. Y. Supp. 49.

Thos. J. Falls, for plaintiff.

Barclay E. V. McCarty, for defendants Melinda P. Schmidt and others.

Walter Carroll Low, for defendant F. L. Schmidt, Jr.

Richard Dickinson Jewett, guardian ad litem, for defendants Elizabeth M. Jewett and others.

BISCHOFF, J.　Closer scrutiny of the question than the conditions at the time of the original submission of this matter for final judgment permitted has persuaded me that the status toward this litigation of the persons claimed to have been omitted as necessary parties, without whose presence as such a complete determination of the controversy cannot be had, was misconceived.

George Parbury Pollen died in 1877, leaving a last will and testament, wherein he provided for his daughter Melinda P. Schmidt, one of the defendants, as follows:

"To my daughter Melinda I also give the interest or income as it accrues on two hundred thousand dollars ($200,000) during her natural life. The said sum to be set apart in such good dividend paying stocks or bonds as may stand in my name at the time of my decease and at the then market value of the same. At her death I will that the said amount of two hundred thousand dollars go to her legal issue in equal portions after they severally reach the full age of twenty-one years."

In the year 1880 a judgment for the construction of the will was rendered in an action to which all the children of said Melinda P. Schmidt were parties, and while the pleadings in that action did not, in express language, present this particular question for determination by the court, the judgment declared that the "legal issue" intended by the testator as the persons to take the remainder of the sum to be set apart for the benefit of Melinda P. Schmidt comprehended such of her children only as should survive their mother. So far as the record discloses, this judgment has remained unassailed.

Two sons of Melinda P. Schmidt—John William Schmidt and George Parbury Pollen Schmidt—had died prior to the commencement of the present action, brought to compel the said Melinda P. Schmidt and her son Bache McEvers Schmidt, as administrators with the will annexed of George Parbury Pollen, deceased, to account for the sum set apart for the former, and to have a trustee appointed in the place of those named in the will, who were deceased. John William Schmidt and George Parbury Pollen Schmidt, the deceased sons of Melinda P. Schmidt, died intestate, each without issue, leaving their father, Fritz Leopold Schmidt, Sr., them surviving. John William Schmidt was also survived by his wife, Maria Louisa Schmidt, who is also his administratrix. The absence of these persons, Fritz Leopold Schmidt, Sr., and Maria Louisa Schmidt, individually and as administratrix of said John William Schmidt, deceased, as parties to the present action, is urged by the defendants as presenting justification for the court's refusal to direct final judgment upon the referee's report upon the accounting had under the interlocutory judgment hereinbefore entered; and, though the defendants, by their omission to raise the question of a defect of parties by answer or demurrer, must be deemed to have waived it (Code Civ. Proc. §§ 488, 499), it remains that final judgment should not be directed if, because of its inconclusiveness upon persons interested in the subject of the action and omitted as parties, the parties to the action, or any of them, will be exposed to risk in respect to the rights of such omitted persons, or will be otherwise prejudiced. Osterhoudt v. Board of Super-

visors, 98 N. Y. 239; Mahr v. Norwich Union Fire Ins. Soc., 127 N. Y. 452, 28 N. E. 391. It is not the mere insistence, however, of the objecting parties that others should be brought into the litigation, which will justify the court in withholding its judgment. It should appear that the presence, as parties, of the persons claimed to have been omitted, is, indeed, necessary to a complete determination of the controversy, in that they either have an actual interest, present or contingent, or that they assert an interest upon grounds at least plausible, or that the question of such interest is involved in reasonable doubt. Reid v. Vanderheyden, 5 Cow. 719; Garr v. Bright, 1 Barb. Ch. 157; Christman v. Thatcher, 48 Hun, 446, 1 N. Y. Supp. 451; Id., 113 N. Y. 625, 20 N. E. 877; Vanderpool v. Vanderpool, 3 N. J. Eq. 120; Van Keuren v. Van Keuren, 21 N. J. Eq. 163; Story, Eq. Pl., § 72; Calv. Part. 10; Cooper v. Hepburn, 15 Grat. (Va.) 551; Code Civ. Proc. §§ 446, 447; Van Sant, Pl. § 3, p. 105. A bill in equity making persons claiming an interest in the personal estate of the testator parties defendant, and alleging that they have no interest in the estate, is demurrable as to such persons. Muir v. Trustees of Leake & Watts Orphan House, 3 Barb. Ch. 477. If the rule were otherwise, and if this is not held to be the obvious meaning of the Code of Civil Procedure (section 452), the judicial determination of any controversy must necessarily be postponed to abide the cessation of litigious inclination of the parties, or any of them, and the litigation itself could be made to endure so long as a party thereto wills it.

It is to be observed that the question in the litigation at bar does not arise upon the request of the persons alleged to have been omitted as necessary parties, but that it is presented by the objection to final judgment made by those who are parties. However, in either case the inquiry should be the same; and we are thus brought to consider the status of the persons claimed to have been omitted as necessary parties toward this litigation, and what interest, if any, they have in the subject thereof.

As already stated, the persons claimed to have been omitted as necessary parties are Fritz Leopold Schmidt, Sr., the father of George Parbury Pollen Schmidt, and John William Schmidt, two deceased sons of Melinda P. Schmidt, and each a party to the action brought for a construction of the will of George Parbury Pollen, deceased, and Maria Louisa Schmidt, the widow and administratrix of John William Schmidt. Not being of "issue" of Melinda P. Schmidt, the testator's daughter, there cannot be even plausible support for the pretense that the persons claimed to have been omitted as necessary parties are among the class of remaindermen designated as such in the will of George Parbury Pollen, deceased, and as such have any interest whatsoever in the subject of the present litigation. It is argued, therefore—and such is the only pretense for the claim—that the persons named are necessary parties; that the pleadings in the action brought for the construction of the will of George Parbury Pollen, deceased, did not, in terms, present any question in respect to the bequest under review for the court's determination; and hence that, in so far as the

judgment in that action did undertake to construe it, the court exceeded its authority, and the judgment did not conclude the parties. 2 Black, Judg. § 617. .I am unable, however, to find any support for this contention as a valid legal proposition. The action was for the construction of the will of George Parbury Pollen, deceased, and the matter in issue, therefore, was the true meaning of the will, not in respect to any particular part of it, but necessarily in its entirety. To ascertain the testator's intention in respect to particular provisions, the court was bound necessarily to consider others, and to ascertain their meaning, since the testator's intention in any particular direction was more or less dependent upon the context of the will as a whole. It follows, therefore, that though the pleadings in the action brought for the construction of the will may not specifically have presented any question in respect to the bequest to the testator's daughter, Melinda P. Schmidt, and her "issue," all the questions which might arise or could have arisen from the instrument before the court were within the general scope and purview of the action, and could have been litigated and determined therein. That being so, the judgment should be accepted as conclusive upon all the parties thereto, and all persons whose claim of interest in the estate is derivative from the right of any party so concluded. Le Guen v. Gouverneur, 1 Johns. Cas. 436, 492, 1 Am. Dec. 121; Embury v. Conner, 3 N. Y. 511, 522, 53 Am. Dec. 325; Lorillard v. Clyde, 122 N. Y. 41, 47, 25 N. E. 292, 19 Am. St. Rep. 470. Such is concededly the claim of interest made by the objecting defendants in behalf of the persons alleged to have been omitted as necessary parties to this action. There does not, therefore, appear to be any reasonable support for the claim, nor any justification for the court's refusal to proceed to final judgment in this action because of any interest outstanding in any person who will not be thereby concluded. The objection to final judgment upon the ground that a complete determination of the present controversy cannot be had without the presence of other persons as necessary parties is overruled, and the matter may be set down for a day certain, to be argued upon the other points involved.

Ordered accordingly.