JOHN WOOD et al., Respondents, *v.* WILLIAM R. SWIFT, Impleaded, etc., Appellant.

After an action had been referred, the evidence taken and the case finally submitted to the referee for his decision on the merits, the court granted an order bringing in other parties as defendants, and directing that the cause remain and continue for trial before the referee the same as if the parties added had been parties from the beginning of the action, they to have the privilege, however, of cross-examining the witnesses produced

and examined on the trial. It did not appear that the case was one which could have been referred without consent. *Held*, that conceding the court had power to bring in the new parties, the residue of the order was erroneous, as the court could not compel them to accept the referee or the evidence taken; that they had at least the right to be heard as to the appointment of a referee, and the right to be present when the witnesses were sworn and examined.

The action was to determine the title of conflicting claimants to a policy of life insurance; the insurance company was a party defendant; one of the parties so brought in had commenced a suit against said company; the order restrained the prosecution of said action. *Held*, error; that if for any reason he ought not to proceed, the company could have his proceedings stayed in that action.

(Argued April 6, 1880; decided April 13, 1880.)

APPEAL from order of the General Term of the Supreme Court, in the first judicial department, affirming an order of Special Term, the material portion of which is hereinafter stated.

This action was brought by attachment creditors and the sheriff jointly, under sections 677 and 678 of the Code of Civil Procedure, to enforce a levy by virtue of the attachment upon a policy of life insurance, issued by defendant, The Equitable Life Assurance Society, upon the life of Alvin May, which plaintiff claimed had been assigned by the insured to the attachment debtors. The matter was referred to a referee. After the testimony had been taken and the case submitted to the referee the order appealed from was granted. It appeared that the appellant, who claimed the policy as assignee of the executor of May, had commenced an action against the insurance company. An action of interpleader had also been commenced by it, against the adverse claimants.

The order brought in the appellant and others as parties defendant, authorized the insurance company to pay the amount of the policy into court, restrained it from prosecuting its action of interpleader, restrained the appellant from prosecuting his action against the insurance company, and also ordered that the cause shall remain, continue and be tried before "the referee to the same force and effect as though all parties now

to the record had thus been from the beginning of the action." The added defendants, however, to have the privilege of cross-examining the witnesses theretofore examined.

*George H. Foster* for appellant.   The appellant had a right to prosecute his own action against the Assurance Society.  (*Kain* v. *Delano*, 13 Abb. [N. S.] 29 ; *Welsh* v. *Darragh*, 52 N. Y. 590.)   If the plaintiffs have begun an improper action, without the requisite parties, they have no right, merely because the collection of their evidence has been . expensive, to bring new parties in to be affected by such evidence.  (*Davis* v. *Mayor*, 14 N. Y. 526–528.)   The right of the appellant to a trial in the mode and by the tribunal prescribed by law is a substantial right and cannot be taken away from him.  (*Townsend* v. *Hendricks*, 40 How. 143 ; *Kain* v. *Delano*, Ct. of App. 1870, 13 Abb. [N. S.] 29.)   The issue whether or not Swift is the owner of the policy and entitled to recover its amount, is an issue triable by jury, under the language of the Constitution, and that right cannot be taken away indirectly by the order in question.  (*Sharp* v. *Mayor*, 18 How. 213.)   The injunction was improperly granted. (*Crevier* v. *Mayor*, 12 Abb. [N. S.] 341.)

*J. Homer Hildreth* for respondents.   The court had power to make the order appealed from.  (Code of Civ. Pro., § 190, par. 2, subd. 5 ; *In re Duff*, 10 Abb. [N. S.] 416–422 ; *Dunlop* v. *Paterson F. Ins. Co.*, 12 Hun, 627, 628 ; affirmed, 74 N. Y. 145.)   The action of interpleader was proper.  (Code of Civ. Pro., §§ 655, 675, 677, 678, 679, 680, 682, 683, 703, 704, 705, 707, 708 ; *O'Brien* v. *Glenville Woolen Co.*, 50 N. Y. 128; *Thurber* v. *Blank*, 50 id. 80, 85 ; *McKay* v. *Draper*, 27 id. 260; *Vosburg* v. *Huntington*, 15 Abb. 254 ; Code of Civ. Pro., §§ 521, 1204 ; 6 Abb. [N. S.] 341 ; *Barker* v. *Cocks*, 50 N. Y. 689 ; *McMahon* v. *Allen*, 12 How. Pr. 43 ; *Board of Supervisors of Saratoga County* v. *Devoe*, Alb. Law Jour., May 31, 1879, p. 438 ; *Brinkerhoff* v. *Brown*, 6 Johns. Ch. 151.)   It is immaterial at what stage of the controversy new

parties are brought in, if the merits are not affected. (*Attorney-General, etc.*, 3 Duer, 119 ; *Hornsby* v. *Gordon*, 9 Bosw. 655 ; *Barry* v. *Mutual Life Ins. Co. of N. Y.*, 53 N. Y. 536 ; 8 Abb. [N. S.] 385.) The order does not conflict with or impair rights preserved and guaranteed by art. 1, § 2, Constitution of the State of New York. (2 Cai. 1; 3 Johns. Ch. 361; 10 Johns. 595 ; *Ludlow* v. *Simond*, 2 Cai. 1, 38–52 ; *DeBemer* v. *Drew*, 39 How. 466; 57 Barb. 438; *Rathbone* v. *Warren*, 10 Johns. 595 ; *Cerby* v. *Bean*, 44 Mo. 379 ; *Peoria* v. *Johns*, 56 Ill. 45.; *Day* v. *Cummings*, 19 Vt. 496 ; *Traip* v. *Gould*, 15 Me. 82 ; *Brooks* v. *Stolley*, 3 McLean [C. C.], 523 ; 1 Story's Eq. Juris., § 74, b ; 39 How. [N. Y.] 466–57.; 1 Wait's Actions and Defenses, pp. 20, 21, 22, 23, §§ 1 and 2; *McKeon* v. *Lee*, 51 N. Y. 300, 304, 305; Code of Civ. Pro., §§ 655, 675, 677, 678 to 708; 2 Rev. Stat., tit. 1, art. 8, §§ 19, 20, 21, 24 ; see 2 Cow. 815 ; *Sands* v. *Kimbark*, 27 N. Y. 147, 148, 149, 151, 152; *S. C.*, 39 Barb. 108–122 ; 12 Abb. [N. S.] 250.)

Earl, J. At the time the order appealed from was made, this action had been pending and at issue between the plaintiffs and other defendants for a long time. It had been referred to a referee for determination, and he had taken much evidence, and the cause had been finally submitted to him on the merits for decision. While the case was in this position, the motion which resulted in this order was made.

It is conceded by appellant's counsel that the court had the power, under section 452 of the Code, to bring in the appellant and the other persons as parties defendant to the action. But, even if it could do that, it could not compel them to accept the referee who had been appointed, and to accept the evidence which had been taken,.even with the right of cross-examination which was secured to them. The action does not appear in the papers before us to be one which could be referred without consent. The appellant had the right to have the cause tried by the court or a jury, and he at least had the right to be heard as to the appointment of a referee, and he had the right to be present when the witnesses were sworn and examined.

I do not perceive how the plaintiffs, in this action, could properly have an order restraining the appellant from prosecuting his action against the insurance company. If for any reason he ought not to proceed in that action, the insurance company can have his proceedings stayed in that action.

The most orderly and probably the least embarrassing way for the disposition of all the controversies about this insurance policy is to proceed with the interpleader action now pending.

The order of the General Term must, therefore, so far as it affects the appellant, be reversed, and that of the Special Term must also be reversed as to him, except as to so much thereof as makes him a party defendant in this action, and, as thus modified, it must be affirmed, without costs in this court to either party.

All concur.

Ordered accordingly.