SUSAN R. LAWTON, Respondent, *v.* GEORGE B. LAWTON and 'GEORGE B. LAWTON, Jr., Defendants.

JENNIE MULL ALLAIRE, Petitioner, Appellant.

*Application by a party in interest to be made a party to a mortgage foreclosure suit — no conditions should be imposed.*

Upon the application of a person, having a substantial interest in the subject-matter of an action brought for the foreclosure of a mortgage, to be made a party to the action, it is improper to impose, as a condition thereof, that the applicant pay to the referee appointed to sell the mortgaged premises his fees; file a bond to pay all costs that may be awarded against her in the action; stipulate to refer, and consent to try the case before the referee on short notice.

Under the provisions of 452 of the Code of Civil Procedure, it is the duty of the court, upon the application of such a party, to direct that he be brought in as a party to the action by proper amendment, without the imposition of any conditions.

*Earle* v *Hart* (20 Hun, 75); *Wood* v. *Swift* (81 N. Y., 34) followed.

Appeal by Jennie Mull Allaire from that part of an order, allowing her to become a party to this action, which imposes conditions, which order was entered in the office of the clerk of the county of New York May 31, 1889.

*E. W. Chamberlain*, for the appellant and petitioner.

*A. J. Perry*, for the respondent.

Brady, J.:

This is an action to foreclose a mortgage made by the defendant George B. Lawton, to his wife, the plaintiff.  The complaint was served on the defendant, George B. Lawton, who voluntarily appeared on the same day.  The defendant George B. Lawton, Jr.,

did not appear. Neither answer nor demurrer was served herein, and judgment was entered by the plaintiff's attorney on the 26th of April, 1889. The appellant, by petition verified May 11, 1889, obtained an order to show cause why the judgment should not be opened and she made a party to this action. Upon the argument which followed an order was made at Special Term on May 31, 1889, granting the petition on terms, but on failure to comply with them the motion was denied.

The learned justice in the court below, under the provisions of section 452 of the Code, granted the application upon the ground that the petitioner had a vested interest in the property which was described in the complaint, declaring in his opinion that the extent of the interest it was not necessary to determine; it was enough that she had a substantial interest, and that she had such an interest was clear. The learned justice, however, thought it should be granted upon the conditions which he imposed, namely, paying the referee's fees, giving a bond for the costs of the action that might be awarded against her, and, if the plaintiff desired it, consenting to refer the issues raised by her answer and try the same on five days' notice. If she failed to comply with these conditions the application was denied.

The learned judge erred in imposing the conditions. The section of the Code mentioned declares that when a person, not a party to the action, has an interest in the subject thereof, or in real property, the title to which may, in any manner, be affected by the judgment, and makes application to the court to be made a party, it must direct him to be brought in by proper amendment.

In *Haas* v. *Craighead*, decided in this department, and reported in 19 Hun, 396, it was said that the section referred to was very comprehensive and peremptory. And in *Earle* v. *Hart* (20 Hun, 75) the General Term of this department said: "As to persons having an interest at the time of the filing of the *lis pendens*, the right (to be made a party) is absolute." And the right being absolute the court had not the power to impose the conditions mentioned. (*Wood* v. *Swift*, 81 N. Y., 34.) In that case a condition was imposed where the right to the remedy asked was absolute, and it was discarded as unlawful. See, also, *Tompkins* v. *Smith* (62 How. Pr., 499; 89 N. Y., 602) declaring a kindred doctrine. The question involved

herein has, therefore, been decided against the respondent. No successful answer to this view is presented on the record. Perhaps the only suggestion that could be made would be laches on the part of the petitioner; but this criticism in this proceeding cannot be made.

For these reasons that part of the order appealed from should be reversed, with ten dollars costs and disbursements.

VAN BRUNT, P. J., and DANIELS, J., concurred.

Order reversed, with ten dollars costs, and the disbursements.