(15 App. Div. 436.)

### UHLFELDER et al. v. TAMSEN, Sheriff.

(Supreme Court, Appellate Division, First Department. March 19, 1897.)

PARTIES—INTERVENTION—POWER OF COURT.

    An absolute duty is imposed on the court by Code Civ. Proc. § 452, providing that where a person not a party to an action has an interest in the subject thereof, and asks to be made a party, the court "must" direct him to be brought in, by a proper amendment.

Appeal from appellate term.

Action by Simon Uhlfelder and another against Edward J. H. Tamsen, as sheriff of New York county. From an order of the appellate term (41 N. Y. Supp. 438) reversing an order of the city court (40 N. Y. Supp. 372) which modified an order imposing conditions on granting a motion by Daniel Lenobiel and Jacob Cohen for leave to intervene, said Lenobiel and Cohen appeal. Reversed.

Argued before VAN BRUNT, P. J., and RUMSEY, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

Jacob Barnett, for appellants.

Arthur Furber, for respondents.

Burritt S. Stone, for sheriff.

RUMSEY, J. The sole question presented in this case is whether the provisions of section 452 of the Code, to the effect that where a person not a party to an action has an interest in the subject thereof, or in real property the title to which may in any manner be affected by the judgment, makes application to the court to be made a party, it must direct him to be brought in by the proper amendment, imposes upon the court an absolute duty to require such party to be brought in upon his own application when he presents the proper proof, or whether the duty of the court is so far discretionary that it may impose terms upon the applicant as a condition of his being made a party. In my judgment, if any force is to be given to repeated adjudications of this court and the court of appeals, that question has been settled by authority, and ought not now to be unsettled by an overruling of the cases which have decided it. In the case of Haas v. Craighead, 19 Hun, 396, an application made under this section had been denied by the special term, although there was no question of the interest of the applicant in the subject-matter of the action, and that it would be affected by the judgment. The court at general term reversed the order, saying that the statute was comprehensive and peremptory, and the court directed that no costs should be charged against the applicant as a condition of such amendment. This case was decided long before the case of Wood v. Swift, 81 N. Y. 31, and, of course, did not refer to that case. In the case of Earle v. Hart, 20 Hun, 75, the same question was presented to the general term of the First department, and it was held that, as to persons having an interest at the time of the commencement of the suit, the right was absolute, under the section. This case was also decided before Wood v. Swift was argued in the court of appeals. In Lawton v. Lawton, 54 Hun, 415, 7 N. Y. Supp. 556, the same question was presented in such a way that it is decisive of this motion. In that

case the applicant, who had an interest in the property which was the subject of the action, had been permitted to become a party to the action upon conditions which the court imposed; and the only question presented to the court at general term was whether it was within the power of the court at special term to impose conditions upon one who made an application to be brought in as a party under section 452. It was directly decided that no such power existed; that the applicant's right to the remedy was absolute; and so much of the order as imposed conditions was reversed. This case was decided by the general term of the First department; Justice Brady writing the opinion, and Presiding Justice Van Brunt and Justice Daniels concurring. The same question has necessarily been decided by the court of appeals, as it seems to me. The law has always prescribed that no order was appealable to the court of appeals if it involved any question of discretion, and, in all cases where the order appealed from might have been refused at the discretion of the supreme court, it was the duty of the court of appeals to dismiss the appeal. In the case of People v. Albany & V. R. Co., 77 N. Y. 232, in which an application had been made by the Troy & Boston Railroad Company to be made a defendant under section 452, the court at special term had granted the order, but the general term reversed the same and denied the application. 15 Hun, 126. An appeal was taken to the court of appeals, which held that the applicant had such an interest as entitled it to be brought in, and that under the provisions of section 452 it was error to deny the application. The court of appeals accordingly reversed the order of the general term, and affirmed the order of the special term. If there had been any discretionary power in the supreme court to deny this order, this action of the court of appeals could not have been taken. The same question was presented again to the court of appeals in the case of Johnston v. Donvan, 106 N. Y. 269, 12 N. E. 594, in which the special term had denied the motion of the applicant to come in, and that decision had been affirmed by the general term of this department. It was reversed by the court of appeals and the application was granted. I regard these decisions as necessarily involving the proposition that the right of a person who makes the proper proof, under section 452, to be brought in as a defendant in such an action as this, is absolute, and it is beyond the power of the court to impose any condition. In the case of Ashton v. City of Rochester, 133 N. Y. 187, 30 N. E. 965, and 31 N. E. 334, Judge O'Brien, in delivering the opinion of the court, lays stress upon the right of the applicant under section 452, and emphasizes the word "must," which is used in that section, and cites the case of People v. Albany & V. R. Co., supra, as establishing the absolute right of the applicant. I have been unable to find any case, either in the court of appeals or in the general term, which overrules these authorities, or suggests any other construction of the section in question. In Chapman v. Forbes, 123 N. Y. 532, 26 N. E. 3, the motion to bring in a person as defendant was denied. But that motion was not made by a third party, asking to be brought in, but by the defendant, ask-

ing that the plaintiff be compelled to bring in a third party as defendant; and the court held that the section did not apply to a motion of that kind, and, accordingly, that it was proper to deny the same. In Rosenberg v. Salomon, 144 N. Y. 92, 38 N. E. 982, two persons situated as these applicants are applied to be brought in to an action of replevin which had been commenced against the sheriff. The order was granted, and affirmed by the general term; and on the appeal to the court of appeals the point was made that the order was improper, under the decision in Chapman v. Forbes, supra, because under that decision the court had no power to grant relief. What is said in that case as to the power of the court must be construed in view of the question which the court was examining; that is, whether the case of Chapman v. Forbes had decided that there was no power in the court to grant the relief asked for under this section. That was the only question presented in Rosenberg v. Salomon, and for that reason it is no authority in regard to the point now under consideration. In the case of Bohnet v. City of New York, 150 N. Y. 279, 44 N. E. 949, a final order had been entered in a mandamus proceeding, and the application was to open the case and allow the applicant to come in. Whether or not the final order should be opened to allow a person to come in who had made no application to the court during the pendency of the matter was clearly within the discretion of the court. The court say, "Undoubtedly the supreme court had power to open the proceedings and allow the appellant to be brought in, but whether this power should be exercised rested in its discretion." That case is no authority upon the point in question here.

The question presented in this case is not of itself, perhaps, of great importance; but it is of importance, as it seems to me, that any rule of construction of the Code which is established by a long series of decisions should not be overthrown unless it is made to appear that the construction heretofore given to it is unquestionably wrong. If that construction is required by the language of the statute, but nevertheless produced inconvenience, the remedy is not with the courts, but with the legislature.

The order of the appellate term should be reversed, and the order of the general term of the city court should be affirmed, with costs in this court and the appellate term. All concur.