(20 App. Div. 480.)

## WALL v. WALL et al.

(Supreme Court, Appellate Division, Third Department. September 14, 1897.)

APPLICATIONS TO BE MADE A PARTY—GRANTING LEAVE ON TERMS.

Where an assignee of a real-estate mortgage applies, under Code Civ. Proc. § 452, to be made a party to an action involving the mortgaged property, the application may be granted on terms; it appearing that the assignment was never recorded, that plaintiff did not know that the assignee was a proper party, and that, after the lis pendens was filed, applicant delayed till plaintiff had incurred fruitless expenses in preparing for trial.

Appeal from trial term, Saratoga county.

Action by William F. Wall against Lucy Wall, executrix, etc., and others. From an order granting his application to be made a party, as having an interest in the subject of the action, but imposing terms, Merton L. Beach appeals. Affirmed.

Argued before PARKER, P. J., and LANDON, HERRICK, MERWIN, and PUTNAM, JJ.

Smith & Smith (John E. Smith, of counsel), for appellant.
W. E. Burdick (M. H. Kiley, of counsel), for respondent.

HERRICK, J. The appellant contends that, under the provisions of section 452, Code Civ. Proc., his right to be brought in as a party defendant to the action is absolute, and that the court has no power to impose any terms as conditions to his being made a party. That portion of the section providing that a person who has an interest in the subject of an action or in real property, the title to which may be affected by the judgment therein, must, upon application, be made a party to the action, has frequently been considered by the court. In Uhlfelder v. Tamsen, 15 App. Div. 436, 44 N. Y. Supp. 484, Mr. Justice Rumsey, after a thorough review of the cases theretofore decided, arrives at the conclusion that the right to be brought in as a party under the circumstances set forth in section 452 is an absolute right, and in such conclusion I concur. But neither in the case of Uhlfelder v. Tamsen, nor in any of the cases reviewed by Mr. Justice Rumsey in his opinion, was the question considered as to whether a person might not by his conduct preclude himself from asserting his right to be made a party as an absolute right, to be accorded him without terms or conditions, no matter if his conduct had been such as to prejudice the rights of other parties to the action, causing the loss of evidence by which such rights might be established, or subjecting them to unnecessary expense.

Conceding that section 452 grants an absolute right to a person situated as therein stated to be made a party to a pending action, yet that right is no more an absolute right, or more sacred, than many others. I think it needs no citation of authorities to establish the proposition that rights may be lost or waived, or the person claiming them estopped from asserting them, by his own conduct, especially where such conduct has resulted to the prejudice or injury of others. A persons may waive or estop himself from asserting even rights granted and guarantied by the constitution; in other words, the most sacred and absolute rights cannot be asserted as such under any

47 N.Y.S.—3

and all circumstances, no matter what the person's conduct has been, or how such conduct has affected other parties. So it seems to me that a person may by his conduct estop himself from demanding as an absolute right, free from all terms and conditions, an order making him a party to a pending action. To put an extreme case as an illustration: Suppose a person having an interest such as described in section 452 of the Code, and knowing of the pendency of the action from the beginning; can he wait until that action has reached the court of appeals, and then for the first time make his application to be made a party, and must his application be granted as of course and of right, with no power in the court to impose any terms or conditions? It seems to me not. Here the interest of the appellant is as assignee of a mortgage. He received the assignment in October, 1896. He failed to record it until April 16, 1897. In the mean time this action had been commenced. The appellant's assignor was made a party. There was nothing upon the records to show that the appellant had any interest in the proceedings. If his assignment had been recorded, presumably he would have been made a party to the action. He claims he first heard about the action in February, 1897, but that he "did not learn the full facts," and did not until he had a conversation with his counsel about April 10, 1897. The lis pendens in this case was filed November 16, 1896. The action was at issue as to all the defendants, and noticed for trial at a special term of this court appointed to be held May 4, 1897, when the appellant gave notice of his application to be made a party.

From the printed case, it appears that all of the sum of $55 imposed as the terms upon which the order appealed from was granted, except $10, was made up from witness' fees, and it was agreed between counsel upon the argument that such was the case. The order provides that the appellant shall have three days to serve a notice of appearance, that the plaintiff have 20 days thereafter to serve his complaint, and the appellant have 20 days after the service of the complaint within which to serve his answer; and the order further provides that the case go over to the next term of the court.

The order being made upon the appellant's motion, and he appealing from only a portion of it, it is fair to assume that the portion not appealed from is what he sought. The appellant's conduct has resulted in preventing the plaintiff from ascertaining, by an examination of the records, that he, the appellant, had any interest in the action, or was either a necessary or proper party to it, to the expense of preparing for trial, and to a delay for an indefinite time of the trial of the action. If the appellant had recorded his assignment, it would have been notice to the plaintiff that he ought to be made a party. If he had acted promptly when he was first informed of the action, it would have been a warning to the plaintiff not to prepare for trial, except at the peril of having his preparation fruitless.

The appellant, by his conduct having prevented the plaintiff from ascertaining who were necessary or proper parties to the action, delayed him in the ascertainment of his rights by a prompt trial, and permitted him to go to fruitless expense, I think is precluded from demanding that he be made a party to the action as a matter of abso-

lute right, free of all terms and conditions; and, while it is a proper case to let him in as a party to assert his interest, he should only be let in upon such terms as will leave the plaintiff, as nearly as may be, in such condition as he would have been in had the appellant been diligent, instead of derelict, in the respects indicated.

The order should be affirmed, with $10 costs and disbursements. All concur.