### WINFIELD v. STACOM et al.

(Supreme Court, Appellate Division, Second Department. April 18, 1899.)

1. REFERENCE—REPORT—EXCEPTIONS.
   Where a cause is referred to take evidence and report it to the court, with the referee's opinion thereon, exceptions to the report are unavailing; the exceptions must be to the decision of the court based on the report.

2. SAME—INTERLOCUTORY JUDGMENT—RIGHT TO BE HEARD.
   On motion to confirm a referee's report, and on entry of interlocutory judgment thereon, parties in interest are entitled to be heard on any question adjudicated in the report which properly finds place in the judgment.

3. PARTITION—SPECIFIC LIENORS.
   Under Code Civ. Proc. § 1546, requiring the interlocutory judgment in partition to declare the interest of each party in the property, as far as it has been ascertained, specific lienors are entitled to have the validity, priority, and amount of their liens determined in such judgments; sections 1563–1566, intimating that such controversies are to be determined only after the sale, referring to general liens.

Appeal from special term.

Suit by Richard M. Winfield against Mary Stacom, Henry D. Hubbell, and others. From an order denying a motion to bring on exceptions to the referee's report for hearing, and from an interlocutory judgment directing partition and sale of the premises, defendants J. H. Murphy and Frederick P. Forster appeal. Reversed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

Frederick P. Forster, for appellants.
James B. Lockwood, for respondents.

HATCH, J. The action being at issue, the usual order of reference was made to ascertain and report the rights, shares, and interests of the several parties to the action, and whether the land should be partitioned or sold, etc. Upon the hearing before the referee, it appeared that the respondent Stacom had previously held a mortgage upon the premises, which mortgage she had released, executed a satisfaction thereof, and, in place of the same, had taken from the mortgagors an agreement constituting her the attorney in fact of said persons, to collect and receive the purchase price of any part of the premises that should be sold, or for the payment over by the mortgagors of any sums of money they should receive on account of such purchase price. This agreement the referee held and reported as a lien upon the premises of the same force and effect as was the mortgage released, as against a subsequent incumbrancer of the property. The question at issue upon this subject, therefore, was whether or not this agreement operated as a lien in effect, as the referee has reported. Upon the com-

ing in of the referee's report, the defendants Murphy and Forster filed exceptions thereto, and subsequently gave notice bringing them on for a hearing at the special term. Upon such application the court declined to entertain such exceptions, dismissed the same, confirmed the report of the referee, and directed interlocutory judgment to be entered thereon.

It is settled by authority that the filing of exceptions to reports of this character will not be recognized, nor is it required, for the purpose of protecting the rights of any party. Doremus v. Doremus, 76 Hun, 337, 27 N. Y. Supp. 1039. Although it is not required that exceptions to the referee's report shall be taken, yet upon motion for confirmation of the same, and the entry of interlocutory judgment thereon, parties in interest are entitled to appear and be heard in opposition thereto, upon any question which is made the subject of adjudication in the report of the referee, and which properly finds place in the interlocutory judgment entered thereon. Section 1546 of the Code of Civil Procedure provides: "The interlocutory judgment must declare what is the right, share, or interest of each party in the property, as far as the same has been ascertained, and must determine the rights of the parties therein."

In the present case the claim of the respondent Stacom is that she was entitled to a lien superior to the subsequent incumbrancers, and the report of the referee so determined. Upon this subject there is no dispute as to the amount of the lien, assuming that she was entitled thereto, and the question whether she was so entitled was one to be determined upon the facts as reported by the referee and stated in his report. Upon this subject the appellants became entitled to the judgment of the court, and, while their exceptions to the report were not necessary to raise such question, yet the filing of such exceptions did not debar them from insisting upon any legal right of which they were possessed. In effect, what was done operated to present them in the attitude of opposing the confirmation of the report, and the entry of judgment thereon, and the effect of the court's decision was to deny them such right, in consequence of which the confirmation of the report, and the entry of interlocutory judgment thereon, was a denial of the appellants' rights in this respect; and, while the appeal from the order dismissing the exceptions raises no question in this court, yet the appeal from the interlocutory judgment has the effect of presenting the question as to the validity of the lien, and, had this judgment determined the rights of these parties in this respect, we should have been called upon to review the question as one of law, based upon the testimony, the report of the referee, and the confirmation of the same by the court. But in fact the interlocutory judgment, although required by the Code to determine such issue, does not, by its terms, effect such result; the provision in this respect being that the respective right and share of the parties is as follows: "To the lien, if any, of defendant Mary Stacom for twenty-five hundred dollars and interest," etc.

The question, therefore, is at what stage of a partition suit, under the Code of Civil Procedure, the validity, priority, and amount

of specific liens on undivided shares are to be determined. The learned judge at special term was of opinion that, under sections 1563–1566, such controversies are only to be determined after the sale, in a proceeding to obtain payment of the lien out of the proceeds of the share deposited in court. This view I think erroneous. Under the Revised Statutes, it was not necessary in the first instance, in a proceeding for partition, to make lienors on undivided shares parties. 2 Rev. St. p. 318, § 8. But if the commissioners reported that partition was impracticable, and the proceeding went to a sale, then it was necessary to amend the petition, and make all specific lienors parties. Id. p. 324, § 42. It was also necessary, in case of a sale, to advertise for any person having a general lien or incumbrance on an undivided share, by judgment or decree, to produce proof of such lien to the clerk. The statute directed that the clerk should report the names of the creditors, and the nature and amount of the incumbrance. Id. § 43. Then follow the provisions of sections 44 to 49, which are substantially reenacted in the sections of the Code of Civil Procedure already referred to. From this review of the practice before the Code of Civil Procedure, it will be seen that the sections of the Code, which the learned judge at special term construed as postponing the litigations concerning the respective liens of the appellants and respondents, apply to general liens, not to specific ones. The present Code has changed somewhat the language of the Revised Statutes, and it would appear from the notes of the learned codifier that the change in language was in some cases intended to change the rule, and to abolish the distinction between general and specific liens. Under section 1540 of the Code, taken alone, it might be doubtful whether it was necessary to make a specific lienor party to the suit; but the amendment of 1883 to section 1578 settles the question by providing that a person having a specific lien appearing of record is not barred by the sale and judgment, unless he is a party to the action. The lien of the appellants and that of the respondents are both specific liens, and as such lienors they are necessarily parties to the action. The appellants' mortgage was subsequent to the commencement of the action, and therefore they would be cut off by the decree, though not parties. Still they have the absolute right, on their application, to be made such (Uhlfelder v. Tamsen, 15 App. Div. 436, 44 N. Y. Supp. 484; Johnston v. Donvan, 106 N. Y. 269, 12 N. E. 594), and should be so treated in the disposition of this appeal. The question between them was properly litigated before the referee (Halsted v. Halsted, 55 N. Y. 442), and the interlocutory judgment should have disposed of their rights.

It follows that the interlocutory judgment should be reversed, and the case remitted to the special term for determination. All concur.