(43 Misc. Rep. 406.)

### DRAPER v. PRATT et al.

(Supreme Court, Special Term, Fulton County. April, 1904.)

**1. INTERVENTION—RIGHT TO BECOME A PARTY.**

Under Code Civ. Proc. § 723, providing that the court may at any stage of the action, in furtherance of justice, amend any process, pleading, or other proceeding by adding or striking out the name of a person as a party, or by correcting a mistake in the name of a party or a mistake in any other respect, etc.; and section 452, declaring that where a person not a party has an interest in the subject thereof or in real property the title to which may be affected by the judgment, and makes application to be made a party, the court must direct him to be brought in—a third person can be made a party on his own application only in the cases specified in section 452.

**2. SAME.**

Under Code Civ. Proc. § 452, providing that where a person not a party has an interest in the subject of the action, or in real property the title to which may be affected by the judgment, and makes application to be made a party, the court must direct him to be brought in, an applicant who has proven that the action involves title to realty, or is to recover a claim for injuries to realty in which he has an interest, is absolutely entitled to intervene, unless guilty of laches.

**3. SAME—ACTION INVOLVING TITLE TO PROPERTY.**

Under Code Civ. Proc. § 452, providing that where a person not a party has an interest in the subject of the action, or in real property the title to which may be affected by the judgment, and makes application to be made a party, the court must direct him to be brought in, a third party cannot intervene in an action by an assignee of a bond and mortgage to foreclose, in which defendants alleged payment and denied the assignment to plaintiff; since the action does not involve title to any property.

Action by Georgina Draper against Orlin Pratt and another, in which Howard Pearsall and another made application for intervention. Application denied.

King & Angell, for the motion.
Chilton, Singerman & Patten, for plaintiff opposed.
McArthur & Starbuck, for defendants opposed.

SPENCER, J. Intervention in modern practice is the proceeding taken by a person not a party by which he obtains induction into a pending action between other parties against their will. The general powers conferred upon courts by section 723 of the Code of Civil Procedure is nothing more than a declaration of the inherent powers which this court has always possessed; but its exercise in any particular proceeding is limited and regulated by the other provisions of the Code which have special reference to such proceeding. Thus, in granting intervention, the power of the court must be exercised only in those instances, and subject to the requirements of the second sentence of section 452 of the Code, which is the only statutory provision having special reference to intervention. This provision has been the subject of many conflicting decisions, occasioned by the failure to distinguish between interpleader, intervention, substitution, and the duty of the court to refuse to proceed in the action because of the absence of parties deemed by it to be necessary, each of which is regulated by a different statute and governed by different rules. A careful review of all the authorities which bear upon the interpretation, scope, and purpose of the provision (last sentence of section 452, Code Civ. Proc.) leads to the conclusion that, in order to justify the court in permitting intervention, it must appear: (1) That the title to real or personal property, or claim for injury to real property, is involved in the action; (2) that the applicant has an interest in the property constituting the subject-matter of the action; and (3) that the applicant's interest may be affected by the judgment. The diversity of opinion which has found expression in the courts as to whether the right of intervention prevails, under the terms of the provision, in actions concerning personal property the title to which is not in dispute, has, I think, been settled by the Court of Appeals in Bauer v. Dewey, 166 N. Y. 402, 60 N. E. 30, in which that question was certified for determination, and where it was decided that this court has no authority to grant intervention in an action in which only a money judgment is sought, and in which the title to no real, specific, or tangible personal property is involved. As the clause of the section so construed has equal application to all actions, whether in law or equity (Rosenburg v. Salomon, 144 N. Y. 92, 38 N. E. 982; Graves Elev. Co. v. Masonic Temple, 33 N. Y. Supp. 362; Montague v. Jewelers' & Tradesmen's Co., 44 App. Div. 224, 60 N. Y. Supp. 680), it follows, as a necessary sequence, that the rule so promulgated holds good in any action in which personal property constitutes the sole subject-matter.

Some uncertainty, however, still exists as to whether the right of intervention is absolute, or subject to the discretion of the court. The decisions are not in harmony upon this subject; but I think, from what

has been said in the decisions, that a rule is fairly deducible therefrom to the effect that, where the applicant presents satisfactory proof to the court that the action involves the title to real or personal property, or is to recover a claim for injuries to real property, and that the applicant has an interest in such property which is likely to be affected by the judgment, the court has no power to deny his application (Uhlfelder v. Tamsen, 15 App. Div. 436, 44 N. Y. Supp. 484; Johnston v. Donvan, 106 N. Y. 269, 12 N. E. 594; Van Loan v. Squires, 51 Hun, 360, 4 N. Y. Supp. 371; Lawton v. Lawton, 54 Hun, 415, 7 N. Y. Supp. 556; Winfield v. Stacom, 40 App. Div. 95, 57 N. Y. Supp. 563); but that where it appears that he has been guilty of laches, the right may be denied, or granted upon terms (Koehler & Co. v. Brady, 82 App. Div. 279, 81 N. Y. Supp. 695; MacArdell v. Olcott, 62 App. Div. 127, 70 N. Y. Supp. 930; Wall v. Beach, 20 App. Div. 480, 47 N. Y. Supp. 33; Earle v. Hart, 20 Hun, 75). It seems that each case should be determined by an examination of the pleadings and the particular facts established by the proofs, and that the decision of the question whether they sustain the application rests largely in the discretion of the court. Pope v. Manhattan R. Co., 79 App. Div. 583, 80 N. Y. Supp. 316; Mooney v. New York El. R. R. Co., 163 N. Y. 242, 57 N. E. 496.

This brings us to a consideration of the pleadings in this action and the proofs submitted by the parties to the motion. An examination of the pleadings leads to the conclusion that the title to neither real nor personal property is involved in the action. The plaintiff, as assignee, seeks to foreclose a mortgage given as security for the payment of an accompanying bond. The mortgagor, by his answer, puts in issue the assignment to plaintiff, and alleges payment of the debt. There is no dispute touching the title to the real estate. It is conceded to be in the defendant, and plaintiff is seeking only to enforce a lien thereon. The denial, putting in issue the assignment of the bond and mortgage, does not, within the decision of Bauer v. Dewey, supra, make the action one for the determination of title to personal property. The defendants make no claim to any interest in or title to the bond and mortgage, or seek to establish title thereto in another. The same issue existed in the case last referred to in respect to the assignment and right to recover upon the demand sued on, and it was held that the title to personal property was not thereby involved. The fact that the demand there was a simple contract and the one here a specialty does not affect the question, as both pass under the designation of personal property, and the action here, as there, is to enforce collection, and not to determine title to property or possession of the document which is evidence of the claim. Had the demand in Bauer v. Dewey, supra, been evidenced by a promissory note, no different result would have been reached. If this action were to recover possession of the mortgage, a different question might be presented; but, as the action is simply to recover on the debt and enforce the mortgage, it cannot be said that it involves the title to either. This result may not be changed by the claim made by the applicants, as they may not thereby alter the character of the action, or, for the purposes of this motion, inject issues not raised by the pleadings.

Furthermore, an examination of the facts leads to the conclusion that the applicants have failed to show that they have any interest in the bond and mortgage sought to be foreclosed. This for two reasons: (1) The bond and mortgage were given to and in the name of, and were held by, the administratrix of Fayette Barton as a part of his personal estate, and were so included by her in her account to the Surrogate's Court, and so adjudged by that court in proceedings to which the applicants were parties. The only way the latter claim any interest is because the administratrix delivered the bond and mortgage to them as security against any loss they might sustain by reason of their becoming sureties upon her undertaking upon her appointment as administratrix. I do not think it will be seriously contended that an administratrix may thus make a valid pledge of the property of the intestate in her hands. (2) The facts are also undisputed that in the proceedings in Surrogate's Court, to which the applicants were parties, they filed their written consent that the mortgagor pay the mortgage into court to await the settlement of the accounts of the administratrix, and that such payment was made; and that the surrogate, in and by his decree upon such settlement, distributed the money so paid to the creditors and others entitled to receive the same. It seems clear that whatever interest or lien the applicants may have acquired in the bond and mortgage by reason of their agreement with the administratrix was extinguished by reason of their consent that such payment be made, and they may not be permitted here to claim otherwise.

Touching that part of the application which seeks to compel the plaintiff to bring in as parties defendant the persons mentioned in the surrogate's decree, all that need be said is that there never has been any rule in equity or provision of the statute which authorizes the court to bring in third persons against the will of the litigants upon application of persons not parties to the action, and in the absence of any knowledge by the court as to the desires of the persons so sought to be made defendants. I am, therefore, of the opinion that on all the grounds stated the application should be denied, with costs to plaintiff.

Ordered accordingly.