(50 Misc. Rep. 617)

### FRIEDMAN et al. v. SCHREIBER.

(Supreme Court, Appellate Term. March 26, 1906.)

REPLEVIN—PARTIES—RIGHT TO INTERVENE.

> Under Code Civ. Proc. § 452, providing that the court may determine the controversy as between the parties before it where it can do so without prejudice to the right of others, but, where a complete determination thereof cannot be had without the presence of others, the court must direct them to be brought in, and where a person not a party to the action has an interest in the subject thereof, and makes application to the court to be made a party, it must direct him to be brought in, one who, in an action to replevin a machine, shows that plaintiffs delivered it to him to make repairs, and that after making repairs of a certain value he turned the machine over to defendant, with instructions to finish the repairs, and deliver the machines to plaintiffs on payment of the entire bill for repairs, for which such person claims a lien, disregarding which claim plaintiffs brought the action, shows a right to be made a party defendant.

Appeal from City Court of New York, Special Term.

Action by Harry P. Friedman and another against William Schreiber. From an order denying the application of defendant and another that such other person be brought in as a defendant, defendant appeals. Reversed.

Argued before SCOTT, P. J., and O'GORMAN and NEWBURGER, JJ.

Jones & McCormick, for appellant.
Herman Gottlieb, for respondents.

O'GORMAN, J. This is an appeal from an order denying the joint application of the defendant and one Sanford that he be brought in as a party defendant. It appears from the moving papers that the plaintiffs delivered to Sanford their automobile for the purpose of having him make certain repairs thereon; that Sanford thereupon made repairs of the reasonable value of $127.30; that he then turned over the car to the defendant, with instructions to finish the repairs and deliver the automobile to the plaintiffs upon payment of the entire bill for repairs and labor, amounting in all to $202.30, for which Sanford claims a lien;

that the plaintiffs disregarded the claim, and replevied the machine in this action, making Schreiber only a party defendant. Sanford, asserting a lien upon the car for his work and labor, has an interest which may be seriously prejudiced, if not destroyed, unless he may intervene in this action. We think he brings himself clearly within section 452 of the Code, and in our opinion it was error to deny his application. Rosenberg v. Solomon, 144 N. Y. 92, 38 N. E. 982; Bauer v. Dewey, 166 N. Y. 402, 60 N. E. 30; Uhlfelder v. Tamsen, 15 App. Div. 436, 44 N. Y. Supp. 484.

Order reversed, with $10 costs and disbursements, and motion granted, with $10 costs to abide the event. All concur.