## CURTIS v. GOLDBERG et al.

(Supreme Court, Appellate Division, Second Department.   March 11, 1910.)

MORTGAGES (§ 437*)—FORECLOSURE—BRINGING IN NEW PARTIES—ORDERS.

> Plaintiff's counsel in a mortgage foreclosure suit, in which, pursuant to Code Civ. Proc. § 452, the owner of the land had petitioned to be brought in as a defendant, as she had a right to be, having on his motion, subsequent to an order making her a party, obtained an order containing the condition that such owner appear and answer "within three days after service of a copy of this order and notice of entry thereof," otherwise his motion to be denied, it was his duty to serve on her such copy and notice; and, he not having done so, she was not in default, so that an order, denying her application because of her failure to appear and answer within three days after such previous order was obtained by him, was error.

> [Ed. Note.—For other cases, see Mortgages, Dec. Dig. § 437.*]

Appeal from Special Term, Kings County.

Action by N. Willard Curtis against Roy Goldberg and others. From certain orders, Annie Churchick, who petitioned to be made defendant, appeals. Dismissed in part, affirmed in part, and motion determined.

See, also, 134 App. Div. 941, 118 N. Y. Supp. 1102, and 119 N. Y. Supp. 1122.

Argued before HIRSCHBERG, P. J., and JENKS, BURR, THOMAS, and CARR, JJ.

Jerome H. Buck (Meyer D. Siegel, on the brief), for appellant.
Alfred A. Shlickerman, for respondent.

THOMAS, J. Pursuant to section 452 of the Code of Civil Procedure, Churchick, who had the title to the land, made an application to be brought in as a party defendant in an action to foreclose a mort-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes
        121 N.Y.S.—52

gage. It was her right to be so brought in. Johnston v. Donvan, 106 N. Y. 269, 12 N. E. 594; Uhlfelder v. Tamsen, 15 App. Div. 436, 44 N. Y. Supp. 484; Earle v. Hart, 20 Hun, 75. Having been made a party, she was entitled to such usual service of papers as her notice of appearance demanded. The order of January 21st, making her a party, contained the condition that she appear generally, and serve her answer within three days of the date of the order, and proceed with the trial when reached. The order of January 29th contained the condition that she appear and answer "within three days after service of a copy of this order and notice of entry thereof, otherwise this motion is denied." Churchick had scant opportunity for presenting her defense, if such she had, and as the order was entered "on motion of Alfred A. Shlickerman, attorney for the plaintiff," the duty fell on him to make "service of a copy of this order and notice of entry thereof." He made no service, not even of the summons and complaint, so far as appears; but on April 16th he obtained an order—

"that the order made and entered herein January 29, 1909, resettling the order dated January 15, 1909, and filed January 18, 1909, which was vacated by an order made January 21, 1909, be and the same is hereby vacated and set aside; and said Annie Churchick having failed to comply with the conditions upon which the motion to amend the summons and complaint by making her a party defendant was granted, contained in said order made January 21, 1909, and having failed to appear in the action or serve her answer within three days from January 21, 1909, * * * that the motion to amend the summons and complaint by making her a party defendant be and the same is hereby denied."

The petitioner, Churchick, was not in default; but the plaintiff's attorney had failed to perform the conditions of his own order. Nevertheless he obtained the order of April 16th, as if he were right and she were wrong.

The appeal from the earlier orders was not duly taken, and so far the appeal should be dismissed; but the order of April 16th should be reversed, and Churchick be brought in as a party defendant, upon the condition that she appear in the action and plead within 20 days after the entry of this order and service of a copy thereof, with notice of entry by the plaintiff upon defendant's attorney, without costs of this appeal to either party, and without prejudice to any proceeding already had in the action pending the determination of the issue raised by Churchick by answer or otherwise. All concur.