ANTON LARSEN & SON, INC., Appellant, v. NEWMARK & DAVIS, INC., and JOHN F. O'RYAN, Defendants, Impleaded with CORINNE NEWMARK, Respondent.

First Department, May 3, 1918.

Parties — failure to object to defect of parties by answer or demurrer — power of court to bring in necessary parties — judgment creditors' suit to enforce lien of judgment upon proceeds of illegal lease — subsequent grantees and assignees not necessary parties — lease by insolvent corporation without consideration — acts amounting to illegal transfer of corporate property to officer thereof — lien of judgment creditors on proceeds of sublease.

Where no objection to defect of parties is taken either by demurrer or by answer the issue is waived.

Where in a suit by judgment creditors to impress the lien of their judgment upon the proceeds of leases alleged to have been illegally executed by a corporation it appears that the presence of other parties is necessary to a complete determination of the controversy, the court should direct that they be brought in and should not dismiss the complaint.

Where an insolvent corporation is charged with making an illegal lease of its property without consideration, and the plaintiff seeks to impose its judgment on the proceeds realized by a sublease, neither the person to whom the corporate property was subsequently conveyed, nor the assignee of rents holding under a subsequent assignment, are necessary parties to the suit, for as to them the illegal lease is valid.

The assets of a corporation are a trust fund for the payment of its debts upon which creditors have an equitable lien as against stockholders and all transferees except those purchasing in good faith and for value.

Where the defendant corporation, organized to build and rent apartments, leased an apartment to the wife of its president for the nominal rent of one dollar per month and for no other consideration, and the lessee thereupon sublet the premises for a substantial rent, there was, in effect, an illegal transfer of the corporate property to an officer within the meaning of section 66 of the Stock Corporation Law, and on the insolvency of the corporation a judgment creditor may compel the lessee to account for the rents received which she holds for the creditors of the corporation as a trustee ex maleficio.

APPEAL by the plaintiff, Anton Larsen & Son, Inc., from a judgment of the Supreme Court in favor of the respondent, entered in the office of the clerk of the county of Bronx on the 27th day of August, 1917, dismissing the complaint as to the respondent, upon the decision of the court after a trial at the New York Special Term.

*Lawrence E. Brown* of counsel [*Ferdinand E. M. Bullowa* with him on the brief; *Bullowa & Bullowa*, attorneys], for the appellant.

*Jacob R. Schiff* of counsel [*Morrison & Schiff*, attorneys], for the respondent.

PAGE, J.:

The defendant Newmark & Davis, Inc., was the owner of certain property on Riverside Drive, running from One Hundred and Fortieth to One Hundred and Forty-first streets in the county of New York, upon which it erected two elevator apartment houses in which the plaintiff installed refrigerators and dumbwaiters.

The plaintiff recovered judgments aggregating $2,485.86, transcripts of which were duly filed in the office of the clerk of New York county, and upon the first of which execution was issued and returned wholly unsatisfied. On June 12, 1914, and after the debts had been contracted upon which these judgments were rendered, the defendant Newmark & Davis, Inc., executed and delivered to the defendant Corinne Newmark a lease of one of the apartments in said building for the term of three years from October 1, 1914, at a rental of twelve dollars a year, payable in monthly payments of one dollar. Corinne Newmark was the wife of Charles Newmark, the president of Newmark & Davis, Inc., who owned fifty per cent of the stock, and at the same time a lease was made to the wife of A. B. Davis, who owned fifty per cent of the stock, for another apartment for a similar term and at the same rental. Davis, as secretary of the company, executed the lease to Mrs. Newmark, and Newmark, as president, executed the lease to Mrs. Davis. These leases each contained a clause giving the tenant the privilege of subletting, which it was admitted was not contained in any of the other leases made by the defendant corporation. No consideration was paid for this lease by Mrs. Newmark, and it was admitted that she received the lease simply because she was the wife of the president. Newmark testified that he did not go through the form of paying the one dollar a month rent nor did he know whether his wife went through that form. In August, 1914, the defendant called a meeting

of its creditors because it was in financial difficulties, and there was organized a corporation known as the 640 Riverside Drive Corporation composed of its large creditors. On September 25, 1914, the defendant corporation executed an assignment of the rents to the Metropolitan Life Insurance Company which held the first mortgage on the premises, and thereafter one dollar per month, the rent of this apartment, was paid to and accepted by that company as the rent for this apartment. Neither Mrs. Newmark nor her family lived in the said apartment, but in December, 1914, sublet the apartment to Major-General O'Ryan for the period of her lease at a monthly rental of $137.50, which it was stipulated had been paid at least until February, 1917, thus giving to the Newmarks a profit of $136.50 per month or in the aggregate at least $4,095. Having thus provided themselves with an income out of the property, in January, 1915, the premises were conveyed to the 640 Riverside Drive Corporation subject to the assignment of rents to the Metropolitan Life Insurance Company. The plaintiff brought this action in equity against Newmark & Davis, Inc., and Corinne Newmark as judgment creditors, to compel Corinne Newmark to account for and pay over to the plaintiff from the money so received from General O'Ryan the amount of the four judgments with interest. The corporation defendant defaulted. Corinne Newmark served an answer in effect a general denial. The learned trial justice held the lease to be fraudulent, but stated that he was unable to discover any theory upon which a judgment for the plaintiff could be sustained with these parties defendant only and granted a nonsuit. No objection had been taken, either by demurrer or answer, that there was a defect of parties, nor was any objection made upon that ground during the trial. The question so far as the parties to this action are concerned was, therefore, waived, (Code Civ. Proc. § 499.) We are not advised what persons or corporations the learned trial justice deemed necessary to be made parties defendant, in order that their rights might not be prejudiced by the judgment or whose presence was deemed necessary to a complete determination of the controversy. If there were such, the proper practice was to direct them to be made parties and not to dismiss the com-

plaint. (Code Civ. Proc. § 452; *Osterhoudt* v. *Board of Supervisors*, 98 N. Y. 239, 243; *City Equity Co.* v. *Elm Park Realty Co.*, 135 App. Div. 856, 858; *Judson* v. *Staley*, 163 id. 62, 65.)

The learned counsel for the respondent suggests that the only possible other parties who might have an interest in the subject-matter of the action are the Metropolitan Insurance Company, as assignee of the rents, and the 640 Riverside Drive Corporation, the present owner. Neither of these parties, however, have any rights in the subject-matter of the action nor is their presence necessary to the determination of this controversy. As we have stated, the assignment of the rents and the conveyance of the property were both subsequent to the making of the lease to Corinne Newmark. As to them the lease was valid, and all they would be entitled to receive would be the rent reserved to their assignor and grantor. No matter how improvident the lease or inadequate the rent, the Newmark & Davis Company violated no duty it owed to them in its making. With respect to the plaintiff, however, a creditor at the time the lease was made, whose debt has been reduced to judgment, the situation is different. The assets of a corporation are a trust fund for the payment of its debts, upon which the creditors have an equitable lien as against stockholders and all transferees, except those purchasing in good faith and for value. (*Hurd* v. *N. Y. & C. Steam Laundry Co.*, 167 N. Y. 89, 95.) This is the general equity doctrine which the Legislature has extended by section 66 of the Stock Corporation Law, which, being a remedial statute, should be liberally construed. (*Caesar* v. *Bernard*, 156 App. Div. 724; affd., on opinion of LAUGHLIN, J., 209 N. Y. 570.) That section provides: " No corporation which shall have refused to pay any of its notes or other obligations, when due, * * * nor any of its officers or directors, shall transfer any of its property to any of its officers, directors or stockholders, *directly or indirectly*, * * * upon any other consideration than the full value of the property paid in cash. * * * Every person receiving by means of any such prohibited act or deed any property of the corporation shall be bound to account therefor to its creditors or stockholders or other trustees. * * *." (Consol. Laws, chap. 59 [Laws of 1909, chap. 61], § 66.)

The buildings which the defendant corporation had erected upon its real estate were not for its own use and occupation but for the purpose of deriving an income and profit therefrom by rental. The right to lease real estate is a valuable interest or right in property which may be transferred, separate from the reversion. It is evident that the purpose and effect of the lease to Mrs. Newmark for a nominal rent, with the right to sublet, was to transfer this right in the property of the corporation to her.

It is conceded that the transfer was made to her solely because she was the wife of the president. It was, therefore, a transfer indirectly to an officer of the corporation by an insolvent corporation. When we consider the surrounding circumstances it is clear that the purpose of this so-called lease was to defraud the creditors.

The corporation was involved in financial difficulties. The property was to be offered to creditors. To secure to themselves an income out of the property for three years, the right to lease two of the apartments in this property was transferred to the wives of the president and secretary of the corporation who were the only stockholders. These families never occupied the apartments, but the one under consideration was leased for $137.50 per month, which presumably is their rental value. There was diverted thereby from the corporation to the pockets of the officers the rent from this apartment.

In my opinion, within the terms of the statute, this was a transfer of property of the corporation to a person for a nominal consideration and not for full value, and the defendant Corinne Newmark held the same as a trustee *ex maleficio* for the creditors of the corporation and should be compelled to account therefor to the plaintiff and pay over to it the amount of its judgments with interest.

The judgment should be reversed, with costs to the appellant, and judgment granted for the plaintiff in accordance herewith, with costs.

CLARKE, P. J., LAUGHLIN, SMITH and SHEARN, JJ., concurred.

Judgment reversed, with costs, and judgment ordered for plaintiff as stated in opinion, with costs. Order to be settled on notice.