WILLIAM LOWENSTEIN, as Substituted Trustee of MEYER REIKES, Bankrupt, Plaintiff, v. ANNIE REIKES, Defendant.

Supreme Court, Bronx County, June 30, 1931.

*Ralph C. Taylor*, for Barnett Lubinsky, intervenor.

*Jacob M. Zinaman*, for the plaintiff.

*Patrick J. McGrath*, for the defendant.

HAMMER, J. One Barnett Lubinsky seeks to intervene in this action. On May 17, 1929, forty-four days before the notice of *lis pendens* herein was filed on July 5, 1929, he entered into a contract with defendant for the purchase of premises No. 2794 Webb avenue, borough and county of Bronx, New York city. The

premises are the subject of an action herein brought by the plaintiff to recover same from the defendant, who is the bankrupt's wife, as part of the bankrupt's estate. The motion is made under section 193 of the Civil Practice Act (as amd. by Laws of 1923, chap. 250) to make the movant a party defendant in the action and for leave to appear, answer and defend the same as an innocent purchaser for value.

An order was made and entered herein on November 11, 1929, granting a motion to dismiss the complaint. It contained the following provision: " Ordered, that the notice of pendency of this action filed by the plaintiff herein in the office of the Clerk of the County of Bronx on the 5th day of July, 1929, shall continue of record only during the time allowed for an appeal from this order, and in the event an appeal is taken within said time, then the said *lis pendens* shall continue until the determination of the said appeal without prejudice to defendant's right to security under Section 586 of the Civil Practice Act; and it is further

" Ordered, that in the event an appeal is not taken from this order within the time required by law, then and in that event the Clerk of this court is hereby directed to enter in the margin of the record of the same a note of cancellation, referring to this order, at the expiration of the time within which to serve a notice of appeal."

An order was entered herein December 24, 1929, on motion of the defendant for an order canceling and discharging of record the notice of pendency and directing the clerk to cancel the same on the ground that the plaintiff, appellant, had not filed written undertaking as required by section 586 of the Civil Practice Act. That order contained the following provisions: " Ordered, that this motion be denied upon condition that the plaintiff shall file with the Clerk of this court, within ten days from the 18th day of December, 1929, a written undertaking to be approved by a Justice of this court, in the sum of Twenty-five hundred dollars, which undertaking is to be to the effect that the plaintiff, in the event that the judgment appealed from should be affirmed, will pay to the defendant such damages as she may suffer by reason of such appeal, not exceeding the sum of Twenty-five hundred dollars; and it is further

" Ordered, that in the event that the plaintiff fail to file such undertaking as hereinbefore recited, the motion of the defendant is hereby granted, and the Clerk of this court is hereby directed to discharge of record any notice of pendency of this action filed by the plaintiff herein in the office of the Clerk of the County of Bronx on the 5th day of July, 1929, and to enter on the margin

of the record of same a note of cancellation and in said note of cancellation refer to this order."

The plaintiff had until December twenty-eighth to file such undertaking under section 586 of the Civil Practice Act and as provided by said order, but did not. It does not appear that plaintiff ever filed such security or that the notice of *lis pendens* was ever canceled of record. On December 26, 1929, on the advice of counsel, Lubinsky completed the purchase of the property, paid the full purchase price in the manner set forth in the contract and a deed was delivered to him by the defendant Annie Reikes.

Section 193 of the Civil Practice Act reads as follows: " Determination of rights of parties before the court. 1. The court may determine the controversy as between the parties before it where it can do so without prejudice to the rights of others or by saving their rights; but where a complete determination of the controversy cannot be had without the presence of other parties the court must direct them to be brought in.

\*　　\*　　\*　　\*　　\*　　\*　　\*　　\*

" 3. Where a person not a party to the action has an interest in the subject thereof, or in real property the title to which may in any manner be affected by the judgment, or in real property for injury to which the complaint demands relief, and makes application to the court to be made a party, it must direct him to be brought in by the proper amendment."

In *Uhlfelder* v. *Tamsen* (15 App. Div. 436), in which all the cases upon the subject were reviewed, it was held that upon the application of a person not a party to an action, who has an interest in the subject thereof or in real property, the title to which may in any manner be affected by the judgment, to be made a party, the court must direct him to be brought in by proper amendment, and there is imposed upon the court an absolute duty to require such party to be brought in upon his own application when he presents proper proof of such interest. RUMSEY, J., writing for the court, says: " In my judgment, if any force is to be given to repeated adjudications of this court and the Court of Appeals, that question has been settled by authority and ought not now to be unsettled by an overruling of the cases which have decided it." (See, also, *Van Etten* v. *Sphinx Holding Corp.*, 114 Misc. 436, 441; *Standard Sewing Machine Co.* v. *Heyman*, 25 id. 429; *Draper* v. *Pratt*, 43 id. 406, 408; *Friedman* v. *Schreiber*, 50 id. 617; *Winfield* v. *Stacom*, 40 App. Div. 95, 98; *Curtis* v. *Goldberg*, 137 id. 10, 11.)

It was held also in *Uhlfelder* v. *Tamsen* (*supra*) that the relief should be granted without condition. However, in the case of

*Irish Free State* v. *Guaranty Safe Deposit Co.* (126 Misc. 269) Mr. Justice PROSKAUER stated: " On the question of terms, the intervenors have delayed approximately three years in making these applications. Meanwhile testimony has been taken and the plaintiff justly asserts that it should not be unreasonably prejudiced by undue delay in the trial. The motions to intervene, therefore, will be granted on condition that the intervenors stipulate that all testimony heretofore taken in the action may be read upon the trial and that the interveners shall serve their answers within ten days from the entry of the orders on their motions and that new notice of trial be waived and that the cause retain its calendar place; otherwise the motions will be denied."

In the case of *Koehler & Co.* v. *Brady* (82 App. Div. 279; appeal dismissed, 181 N. Y. 503) the defendant's grantee, who took the property subsequent to the filing of the *lis pendens* and after the affirmance of a judgment by the Court of Appeals against his grantor, was permitted to come into the action after the report of a referee, who was appointed pursuant to a " supplemental " judgment, had been confirmed, the court saying that " The defendant has no interest in the property and no interest in prolonging the litigation or protecting the owner from this attack, and as Doelger is the real party in interest, I can see no objection to making him a party to the action and allowing him to prosecute the appeal from this supplemental judgment. It is claimed by the plaintiff that Doelger has been the substantial party in interest during most of the litigation, and the plaintiff does not claim but that it had knowledge of the fact that Doelger had become the owner of the property and the person substantially affected by this application. It proceeded without formal notice to him, although the effect of its application was to fasten a lien upon his property and ended in what is called a judgment, which, if executed, will divest him of his property. Before that is consummated and his property swept away, he certainly should have some chance to be heard; and while I think that if it had appeared that this whole proceeding was without notice to him, he would be entitled to have it set aside, yet as he had actual knowledge of the fact that this report had been made, which stated that a lien did exist and that plaintiff was entitled to enforce it, it was his duty to move promptly and before the report was confirmed. By waiting until after the report was confirmed and the judgment entered, he is now precluded from having it vacated on a motion; but he should be allowed to intervene in the proceeding as it stands, so that he can protect his property by an appeal from the judgment. Section 452 of the Code of Civil Procedure provides: ' Where a

person not a party to the action has an interest  *  *  *  in real property the title to which may in any manner be affected by the judgment  *  *  *  and makes application to the court to be made a party, it must direct him to be brought in by the proper amendment.'

"That the court has power to bring in parties to whom real property has been conveyed pending the action is established (*Mooney* v. *N. Y. Elev. R. R. Co.*, 163 N. Y. 243). Nor is the power limited so that a party interested in real property which is affected by a judgment cannot be made a party to the action after judgment, so that he can test its validity by an appeal."

In *Earle* v. *Hart* (20 Hun, 75) the court said: "*Per Curiam*. We think that the amendment in question (Section 452 of the Code of Civil Procedure) was intended to enable a person who is not a party to an action, but who had an interest in the subject thereof at the time of the filing of the *lis pendens*, to come in if he elects to do so. Otherwise the Legislature would have referred to a person claiming an interest at any time prior to the judgment in the cause. As to persons having an interest at the time of the filing of the *lis pendens* the right is absolute under the amendment." (See, also, *Lawton* v. *Lawton*, 54 Hun, 415.)

In *Larsen & Son, Inc.*, v. *Newmark & Davis* (182 App. Div. 724, 726) the court said: "The learned trial justice held the lease to be fraudulent, but stated that he was unable to discover any theory upon which a judgment for the plaintiff could be sustained with these parties defendant only and granted a nonsuit. No objection had been taken, either by demurrer or answer that there was a defect of parties; nor was any objection made upon that ground during the trial. The question so far as the parties to this action are concerned was, therefore, waived. (Code Civ. Proc. § 499.) We are not advised what persons or corporations the learned trial justice deemed necessary to be made parties defendant, in order that their rights might not be prejudiced by the judgment, or whose presence was deemed necessary to a complete determination of the controversy. If there were such, the proper practice was to direct them to be made parties and not to dismiss the complaint." (Citing cases.)

The moving party here upon the execution of the contract, which was before the commencement of this action, became the equitable owner of the premises in question. He, therefore, had an antecedent equity, and in 38 Corpus Juris (§ 96, subd. 2, p. 58) it is stated: "A holder of an antecedently acquired equity may, it seems, purchase the legal title *pendente lite* without being bound by the decree, and the general rule is that, where an executory

contract of purchase before the action is pending, a purchaser is not a *pendente lite* purchaser so as to be bound by the decree, although he does not receive the deed, or complete the payment of the purchase price, until the action is pending." (*Parks* v. *Jackson*, 11 Wend. 442.) There it was held that a vendee in possession of land under an executory contract of sale, who has made improvements, and pays the purchase money, pending a suit begun subsequent to his entry on the lands, to avoid the title of his vendor, is not bound by the result of the action against his vendor.

Merely noting such statement as legal authority worthy of consideration but not deciding the point in advance of trial, it nevertheless appears that since the contract was entered into prior to the commencement of this action and that the moving party thereby became the equitable owner of the property, he has an interest in the property involved in this suit so as to entitle him to come in as a party defendant. The motion accordingly should be granted. On December 26, 1929, the intervenor knew of the status of the action and could have then made the application here considered. Instead, he made no move but stood quietly by and watched the progress of the case until it came to trial and proof was taken and the matter held for decision. It was only then, when it may be assumed that disappointment might arise from a possible decision in the case, that the intervenor stirred himself into activity. Under the circumstances the motion to intervene will be granted on condition that the intervenor stipulates that all proof heretofore taken in the action may be read upon the trial; that the intervenor shall serve his answer within ten days from the entry of the order on this his motion; that new notice of trial be waived; the issue remain unbroken, and the case retain its calendar place; otherwise the motion will be denied.

Under the foregoing terms I do not hold, however, that the evidence introduced at the trial is binding upon the intervenor. A decision of that question may remain open and be decided upon the trial. The trial of the action, which has been held before me, by reason of the above decision, will be upon the calendar of Special Term, Bronx county, on Tuesday, September 29, 1931, at which time all parties may be present and make such application in respect to the trial as they may be advised. Settle order on notice.